Lawrence E. **WILSON**, Warden, San Quentin Prison, Appellant,

v.

Fred R. **HARRIS**, Appellee.

No. 19937.

United States Court of Appeals Ninth Circuit.

Oct. 19, 1965.

Thomas C. Lynch, Atty. Gen. of Cal., Albert W. Harris, Jr., Deputy Atty. Gen., Michael R. Marron, Deputy Atty. Gen., San Francisco, Cal., for appellant.

N. Rommel Bondoc, San Francisco, Cal., for appellee.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge:

Appellee is in state custody serving a prison sentence imposed on April 23, 1954 by the Superior Court of the State of California in and for the County of Santa Clara, following his plea of guilty to a charge of armed robbery in violation of Section 211 of the Penal Code of the State of California, and also charging a prior felony conviction in the State of New Mexico for issuing bad checks.

Appellee did not appeal to the reviewing courts of California from the judgment of conviction but did file petitions for writs of habeas corpus in the Superior Court for the County of Marin, the District Court of Appeal for the State of California, First Appellate District, and the Supreme Court of California, and the United States District Court for the Northern District of California, Southern Division, all of which petitions were denied. Appellee's petition for writ of certiorari to the United States Supreme Court was likewise denied.

On October 16, 1964, appellee filed an application for a writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division. The District Court appointed counsel to represent appellee in the proceedings, and issued an order to the appellant to show cause why the petition should not be granted. A return to the order to show cause was filed and appellee filed a traverse to the return. Following argument and submission, the District Court issued a writ of habeas corpus and ordered that appellee be discharged from the custody of the State of California. No evidentiary hearing was held by the District Court. The District Court concluded from the pleadings and exhibits before it that petitioner was entitled to discharge on two independent grounds. First, because it decided petitioner had been denied his constitutional right to counsel at arraignment in the Superior Court; second, because it held that petitioner had been denied his right to counsel at the preliminary examination.

Before us is the appeal of the State of California from such order. On this appeal the State contends that the District Court erred in holding:

(a) That appellee did not competently waive counsel at the time of his arraignment in the Superior Court;

(b) That appellee was deprived of his constitutional right to counsel at appellee's preliminary examination; and

(c) In issuing the writ of habeas corpus and ordering appellee's discharge without an evidentiary hearing.

We have carefully examined the entire record which was before the District Court. The record reveals that appellee was thirty years of age at the time of his arrest, and literate; that he had suffered a prior felony conviction for which he served a term in the New Mexico State Prison; that at the time of his arraignment on April 4, 1954, on the warrant of arrest, he was informed of his right to counsel at which time the preliminary examination was set for April 12, 1954; that at the time of the preliminary examination appellee voluntarily expressed an intention to plead guilty,

and on that occasion was again informed of his right to counsel; that prior to the entry of the guilty plea in the Superior Court on April 15, 1954, appellee was informed of his rights "to a speedy public trial by an impartial jury, to be represented by an attorney at all stages of the case, to have a reasonable bail fixed for you, to be confronted by witnesses against you, to have the aid of the court to compel the attendance of any witnesses you may have."; that prior to the plea the court inquired of defendant (appellee) if he had an attorney, to which the defendant replied:

"No sir, I would like to plead guilty, waive probation, get sentenced as soon as I can.";

that following further colloquy between the Court and the appellee, the Court inquired of him if he wanted to plead guilty to the charge of armed robbery, to which appellee replied: "Yes sir, if I can get my time as soon as I can."

■ The key issue which the District Court was called upon to determine under appellant's first assignment of error is whether appellee competently and intelligently waived his right to counsel at the time of his arraignment in the Superior Court. It appears clear to us from the record that the entry of the guilty plea by the appellee was a completely voluntary act on his part. His decision to plead guilty was not hastily or impulsively contrived. The plea was entered after he had been informed of his right to counsel both at the time of his arraignment and at the time of the preliminary examination, at which time he voluntarily expressed his intention to plead guilty. He was literate, and was not entirely inexperienced in criminal proceedings since he had previously been convicted of a felony and had served a term in a state prison. In the light of the foregoing circumstances we believe that the District Court erred in determining from the cold record which was before it that appellee did not competently and intelligently waive his right to counsel but should have left that issue for decision following an evidentiary hearing.

28 U.S.C. § 2243 in pertinent part provides:

"Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

\*  \*  \*  \*  \*  \*

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

Recently this court stated:

"Only if it appears from undisputed facts disclosed by the petition, the response to the order, and the answer, if any, that as a matter of law petitioner is entitled to discharge, or that as a matter of law he is not, may an evidentiary hearing be avoided." Wright v. Dickson, 336 F.2d 878 at 881 (9th Cir. 1964).

As stated in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938):

"The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

Perhaps there may be available at an evidentiary hearing the magistrate who presided at the preliminary hearing, the judge who presided at the arraignment and sentencing, and court attachés, all of whom had the opportunity to observe the appearance and demeanor of the appellee, and might be in position to furnish cogent assistance to the District Court in determining whether appellee intelligently and competently waived his right to counsel before the entry of his voluntary plea.

■ We find no merit in appellee's contentions that appellant's failure to allege in its return facts dehors the record, or to request an evidentiary hearing, relieved the District Judge of his duty

"to hear and determine the facts and dispose of the matter as law and justice require."

■ Appellant's second assignment of error requires an examination into the nature, purposes and effect of a preliminary examination under California law. Under California law a preliminary examination serves as an alternative to proceeding by way of grand jury hearing. Either proceeding may result in the issuance of an accusatory pleading, either information or grand jury indictment. §§ 806, 889, 949, 951, Penal Code of the State of California. A preliminary examination is ordered by a magistrate pursuant to a written complaint charging a public offense being filed in his court. §§ 859, 860 Penal Code of the State of California. The purpose of a preliminary examination is not to determine the guilt of the defendant but rather, it is "to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and expense of a criminal trial." Jaffe v. Stone, 18 Cal.2d 146, 114 P.2d 335, 135 A.L.R. 775 (1941); People v. Elliot, 54 Cal.2d 498, 6 Cal.Rptr. 753, 354 P.2d 225 (1960).

An accused is entitled to be represented by counsel at his preliminary examination. § 859 Penal Code of the State of California.

An accused unrepresented by counsel at his preliminary examination cannot plead guilty at the time of such examination. Art. I, § 8 Constitution of the State of California; § 860 Penal Code of the State of California.

Witnesses must be examined in the presence of the defendant and may be cross-examined in his behalf. § 865 Penal Code of the State of California. When the examination of witnesses on the part of the people is closed, any witnesses the defendant may produce must be sworn and examined. § 866 Penal Code of the State of California.

A defendant may not be examined at the preliminary examination unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel. § 866.5 Penal Code of the State of California.

If it appears from the examination that the offense charged has been committed and there is probable cause to believe the accused guilty thereof, the magistrate orders the accused held for trial in the Superior Court; otherwise, he is discharged. §§ 871, 872, 876, 877 Penal Code of the State of California. A discharge does not constitute an acquittal for the State can proceed anew against the defendant although an initial attempt has been unsuccessful in establishing probable cause. § 999 Penal Code of the State of California; People v. Joseph, 153 Cal.App.2d 548, 314 P.2d 1004 (1957).

If the accused is held to answer an information is filed in the Superior Court. When an accused appears in the Superior Court for arraignment on an information filed against him, he has an absolute right to counsel. § 987 Penal Code of the State of California.

■ An information may be set aside because of the illegality of the commitment or an erroneous determination that probable cause existed. § 995 Penal Code of the State of California. Should the order of the magistrate holding the defendant to answer in the Superior Court be based upon incompetent evidence such order may be set aside and further proceedings halted. § 995 Penal Code of the State of California; People v. Valenti, 49 Cal.2d 199, 316 P.2d 23 (1957); Priestly v. Superior Court, 50 Cal.2d 812, 330 P.2d 39 (1958).

■ An accused, if denied representation by Counsel at his preliminary examination, can set aside the information and void the proceedings taken at his preliminary examination. See People v. Diaz, 206 Cal.App.2d 651, 24 Cal.Rptr. 367 (1962).

■ No incriminating statements made at a preliminary examination by an accused unrepresented by counsel can be used against him in his trial. People v. Mora, 120 Cal.App.2d 896, 262 P.2d

594 (1953); disapproved on another point by People v. Van Eyk, 56 Cal.2d 471, 15 Cal.Rptr. 150, 364 P.2d 326 (1961); see § 866.5 Penal Code of the State of California.

Defendant or his counsel may obtain in advance of trial a complete transcript of the proceedings at the preliminary examination. §§ 863, 870 Penal Code of the State of California.

The District Court concluded in the instant case "that the federal constitutional right to counsel attaches at the California Preliminary Examination." The District Court based its conclusion on what it perceived to be the rationale set forth in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

■ The rule laid down in Powell is that the accused is entitled to have counsel appointed to represent him sufficiently in advance of trial to enable such counsel to have adequate time for consultation, complete investigation, and preparation for trial.

In Hamilton, the defendant was indicted for burglary and without counsel entered a plea of not guilty at arraignment. In reversing his subsequent conviction the court stated

"Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded * * *, or the opportunity is lost. * * *. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. * * Pleas in abatement must also be made at the time of arraignment. * * * It is then that motions to quash based on systematic exclusion of one race from grand juries * *, or on the ground that the grand jury was otherwise improperly drawn * * *, must be made.

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." (Footnote omitted).

In White the accused was without counsel at the preliminary hearing. At the preliminary hearing White pleaded guilty and subsequently withdrew the same. During the accused's trial the plea of guilty entered at the preliminary hearing was introduced into evidence against him. The accused's conviction was reversed, the court stating at page 60, 83 S.Ct. at page 1051:

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

■ Our study of the California preliminary examination procedures made in the light of the pronouncements in Powell, Hamilton and White, convinces us that California's preliminary examination is not, in and of itself, a critical stage in the judicial proceedings such as to constitutionally require the appointment of counsel. An unrepresented accused cannot plead guilty at such an examination and no incriminating statements made by him at such time can be used against him at a subsequent trial. No defenses which might be asserted at a subsequent trial can be lost at a preliminary examination. "The test is whether that proceeding and what occurred thereat may adversely and prejudicially affect his defense to the charge in a subsequent trial." United States ex rel. Boone v. Fay, 231 F.Supp. 387 (U.S.D.C.So.Dist. N.Y., 1964).

We agree with the following statement appearing in DeToro v. Pepersack, 332 F.2d 341 (4th Cir. 1964), at pages 343–344:

"In our view, Hamilton and White teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial. The Court, in each case, refused to speculate as to whether in fact prejudice actually accrued.

"Thus, the thrust of Powell's admonition that an accused has a right to counsel 'at every step in the proceedings against him,' as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to apoint is absent." (Footnote omitted.)

To the same effect see United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir. 1964); Latham v. Crouse, 320 F.2d 120 (10th Cir. 1963); Ronzzo v. Sigler, 235 F.Supp. 839 (U.S.D.C.Neb., 1964).

There remains to be considered whether appellee's preliminary examination was critical in this case. When appellee appeared for arraignment in the Superior Court he elected to forego his trial in that court, waive counsel and plead guilty to the offense charged. The only function performed by his preliminary examination was to cause the information to be filed against him in the Superior Court and upon which he was arraigned. The preliminary examination played no other or further part in his conviction. Whether appellee intelligently and competently waived counsel at such time remains an issue to be determined at an evidentiary hearing to be held upon remand of this cause to the District Court for such hearing.

The District Court was of the view that if appellee had been represented by counsel at the preliminary examination he *might* have obtained a discharge of appellee; that he *might* have cross-examined the complaining witness and thus have been better prepared for a subsequent trial; that other matters *might* have been discovered which would affect defense strategy for the rest of the proceedings; and that appellee *might* have been examined to his possible benefit, and for such and similar reasons a preliminary examination was a critical step in the proceedings against appellee which constitutionally required representation by counsel at the preliminary examination. Similar reasons were advanced in United States ex rel. Cooper v. Reincke, supra. They were disposed of in the following language, with which we agree:

"This reasoning, however, overlooks the fact that the right reserved to appellant at the hearing was merely not to be held in custody without probable cause. Consequently, the possible denial of that right is the only thing of which he can now complain. Whatever collateral benefit that might have accrued, just as the prejudice he may have suffered, is altogether conjectural and certainly cannot amount to the deprivation of a constitutional right. Appellant has the burden of showing his trial to have been fundamentally unfair, a burden that is not met by speculations as to what could have happened had any number of events occurred differently." Id. 333 F.2d at 613.

■ Finally, appellee asserts that lack of counsel may have affected the sentence imposed upon appellee. This suggestion is based upon the statement made by the appellee at the time of his arraignment

when he was informed that he was charged with armed robbery, to which he replied that the pistol with which he was armed at the time of the robbery "was not in working condition." In our view such suggestion is without merit. As pointed out in the very recent case of People v. Anderson, 1/Crim. 4665, District Court of Appeals First Appellate District, Division One, August 9, 1965, 236 A.C.A. 443, 456, 46 Cal.Rptr. 1, 10:

> "[A] conviction of first degree (armed) robbery can be sustained where it is established that the defendant was armed with a gun regardless of whether the gun was in working order or was in fact a real gun."

The order and final judgment of the District Court granting appellee's petition for writ of habeas corpus is vacated and set aside, and this cause is remanded to the District Court for an evidentiary hearing on the issue of whether appellee competently and intelligently waived his right to be represented by counsel at the time of his arraignment and plea in the Superior Court of the State of California in and for the County of Santa Clara.