[Crim. No. 4031. Third Dist. May 10, 1966.]

In re JAMES WILLIAM KELLY on Habeas Corpus.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Sam L. Foster for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Ronald W. Tochterman, Deputy Attorneys General, for Respondent.

FRIEDMAN, J.—Habeas corpus, attacking a 1960 conviction of escape from state prison (in violation of Penal Code section 4530). Petitioner is also held under earlier commitments for offenses such as bad checks, burglary and forgery.

Like the applicants in *In re Van Brunt* (3 Crim. 3996, 4003) *ante*, p. 96 [51 Cal.Rptr. 136], and *In re Grayson* (3 Crim. 4016) *ante*, p. 110 [51 Cal.Rptr. 145], this day filed, petitioner appeared before a magistrate and made a courtroom confession which served as the basis of his commitment to the superior court. He contends that he was inadequately advised of his right to counsel and did not intelligently waive it at the preliminary examination and on the occasion of his arraignment and sentencing; also, that the superior court failed to comply with Penal Code section 1200 by inquiring whether he had any legal cause to show why judgment should not be pronounced.

Petitioner was first brought before the magistrate on the escape charge on February 15, 1960. The magistrate made a formula statement of legal rights, including the standard

phraseology of entitlement to counsel "at all stages of the proceeding." The magistrate failed to comply with Penal Code section 859, which required him to inform petitioner of the availability of court-appointed counsel. (See *Bogart* v. *Superior Court*, 60 Cal.2d 435, 439 [34 Cal.Rptr. 850, 386 P.2d 474].) The dialogue between the magistrate and petitioner following a reading of the complaint is set out in the margin.[1] Following that dialogue, petitioner was sworn and took the witness stand. Before he testified, the court stated: "You understand that under the law you cannot be compelled to testify against yourself or make a statement concerning this matter unless you wish to do so freely and voluntarily?" To this question petitioner responded in the affirmative and also indicated that he would like to make a statement concerning the charge. He then testified to the circumstances of his escape from a state prison. The magistrate then ordered him bound over to the superior court.

■ In the absence of any showing that petitioner had other knowledge of his right to court-appointed counsel, the court's failure to inform him of that right makes it impossible to hold that an intelligent waiver of counsel occurred.

■ While petitioner's expressed wish for a "speedy trial" might possibly be interpreted as an expression of implied waiver, the courts indulge in every reasonable presumption against such a waiver. (*People* v. *Douglas*, 61 Cal.2d 430, 434-435 [38 Cal.Rptr. 884, 392 P.2d 964]; see also *In re James*, 38 Cal.2d 302 [240 P.2d 596].) ■ Since the record shows no valid waiver of counsel at the preliminary examination, the accused's self-incriminatory statement supplied no evidentiary

---

[1] "[THE COURT]: No, you are entitled to a speedy trial; or to a reasonable delay within which to formulate your plea and prepare your defense.

"You are entitled to counsel at all stages of the proceeding.

"You are entitled to be confronted by the witnesses who may testify against you and to cross examine them. You are entitled to the process of this court to compel the attendance of any witness you may desire to testify in your own behalf.

"You are entitled to reasonable bail, which has heretofore been set in the sum of $3,000.00.

"An officer will convey a message free of charge to anyone within this district.

"And you are advised that any statement you may make, pending or during the hearing of this matter, may be used as evidence against you.

"Do you have a lawyer in this matter, Kelly?

"THE DEFENDANT: No, sir, I don't. I would like to have a speedy trial and get everything over with.

"THE COURT: Do you want to make a statement concerning it?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. You can come up here and be sworn."

support for a lawful commitment. (*McCarthy* v. *Superior Court*, 162 Cal.App.2d 755 [328 P.2d 819]; *People* v. *Williams*, 124 Cal.App.2d 32 [268 P.2d 156].) His self-incriminatory statement was inadmissible in evidence in any later trial. (*People* v. *Mora*, 120 Cal.App.2d 896 [262 P.2d 594], disapproved on another point by *People* v. *Van Eyk*, 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 36].)

For the reasons set forth in *In re Van Brunt, supra, ante*, p. 96, petitioner's preliminary examination was not a critical stage in his prosecution; thus inadequate protection of his right to counsel does not evoke the Fourteenth Amendment guarantee of due process. (See also *Wilson* v. *Harris*, 351 F.2d 840.)

Objection to an illegal commitment is waived by the accused's failure to move to set aside the information. (Pen. Code, §§ 995, 996; *People* v. *Phillips*, 229 Cal.App.2d 496, 504 [40 Cal.Rptr. 403].) *In re Tedford*, 31 Cal.2d 693 [192 P.2d 3], demonstrates that such a waiver will be imposed even though the accused was not represented by counsel in the superior court, provided he has intelligently waived representation by counsel in the latter court. The question in this case is thus narrowed to petitioner's claim that he did not competently waive counsel in the superior court.

Petitioner, without counsel, appeared for arraignment in the superior court on February 17, 1960. On that occasion Penal Code sections 987 and 1018 established certain formal requirements as a means of protecting his right to counsel.[2] Constitutional considerations demanded not only that he be formally apprised of his rights, but that he have an intelligent conception of the consequences of his waiver of counsel and plea of guilt. (*In re Johnson*, 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420]; *People* v. *Douglas, supra*, 61 Cal.2d at pp. 434-435.) A court "cannot accept a waiver of counsel

---

[2]Penal Code section 987 provides:

"If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him."

Penal Code section 1018 provides in part:

"Unless otherwise provided by law every plea must be put in by the defendant himself in open court. No . . . plea of guilty of . . . felony [shall] be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him of his right to counsel and unless the court shall find that the defendant understands his right to counsel and freely waives it and then, only if the defendant has expressly stated in open court, to the court, that he does not wish to be represented by counsel."

from anyone accused of a serious public offense without first determining that he 'understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.' " (*In re James, supra*, 38 Cal.2d at p. 313; *People* v. *Chesser*, 29 Cal.2d 815, 822 [178 P.2d 761, 170 A.L.R. 246].) ■ The principal portion of the oral proceedings on the occasion of petitioner's arraignment and sentence is set out below.[3]

[3]" [THE COURT] : You are charged here with the crime of felony, escape from the state prison. Do you want the court to appoint a lawyer to represent you?

"A. Well, sir, is it necessary?

"Q. It isn't necessary. It is your choice. It is up to you whether or not the court makes such an appointment.

"A. Well, is it compulsory?

"Q. No; it is compulsory on this court to make the offer to you, that is all.

"A. Well, sir, I will decline it.

"Q. You don't want a lawyer to represent you?

"A. No, sir.

"THE COURT: All right. The district attorney will read the information to you, then.

"MR. FERGUSON: James William Kelly, you are charged by the People of the State of California, in information 9183, copy of which you have in your hand, and you can read with me as I read this charge to you. You are charged with a felony, to wit: Escape from the state prison, in violation of section 4530 of the Penal Code. This was committed as follows: That you, the said James William Kelly, on or about the 13th day of October, 1956, at and in said County of Kern, State of California, and prior to the filing of this information, did willfully, unlawfully and feloniously, being then and there in the lawful custody of the superintendent of the California Institution for Men at Tehachapi, Kern County, California, under and by virtue of commitment upon a judgment of conviction of you in the Superior Court of the County of San Bernardino, State of California, escape from the custody of said superintendent.

"What is your plea to this charge of escape—

"THE DEFENDANT: Guilty.

"MR. FERGUSON: —from the state prison.

"THE COURT: Well, the duty of the court would appear to be only to sentence you to the state prison. There seems to be nothing else open to the court.

"THE DEFENDANT: No, sir.

*"JUDGMENT*

"THE COURT: This defendant having entered a plea of guilty to the charge against him in this case of escape from state prison, and no legal cause to the contrary appearing, it is the judgment and sentence of this court that you, the defendant James William Kelly, be confined in the state prison of the State of California for the period provided by law for the crime of felony, to wit: Escape from the state prison, a violation of section 4530 of the Penal Code.

"You are remanded to the custody of the sheriff for delivery to the director of corrections at Chino, California, without unnecessary delay. That seems to be the only action that can be taken here.

"THE DEFENDANT: Yes, sir. What is the sentence?

"THE COURT: I don't know. The court wouldn't undertake to inform you as to what you will serve on this escape. The sentence is not fixed by

The dialogue between petitioner and the court preceding the reading of the information filled the formal demands of Penal Code sections 987 and 1018, although hardly to the overflow stage. Whether the exchange of statements measured up to the constitutional demand for intelligent waiver is another matter. ■ The courts appraise the intelligence of a layman's waiver of counsel by considering the character of the offense and the capacities of the accused. (See *In re Johnson, supra,* 62 Cal.2d at p. 335.) The quantum of information needed to supply the accused an awareness of the consequences of his waiver increases in direct ratio to the complexity of his predicament. In cases such as *James* and *Chesser,* the accused were charged with murder, a serious crime, divided into degrees, characterized by legal complexities and vulnerable to a variety of defenses quite beyond the ken of most laymen.

Here, the charge was serious but simple. At the time of petitioner's escape and sentence, Penal Code section 4530 called for a one-year minimum term, to commence upon completion of any uncompleted terms.[4] Actually he was ineligible for parole for two years after return to prison. (Pen. Code, § 3044, prior to amendment in 1963.) ■ Since section 4530 specified no maximum, his maximum possible term was life imprisonment. (Pen. Code, § 671.) Thus petitioner faced an extremely serious charge. The facts, however, were obvious and uncomplicated. Petitioner, a prisoner at the Tehachapi Institution for Men, had climbed over the fence, entered an

this court. It is fixed by the board of prison authorities after you have served some portion of your term.

"A. Yes, sir. But don't I have a top and a bottom?

"Q. You have a maximum and minimum under 4530, I presume.

"Do counsel recall offhand what it is?

"PROBATION OFFICER Q. S. HALL: One to ten, I believe it is, your Honor.

"THE COURT: One to ten, 4530. Well, since you ask, the court will read to you section 4530; that is the one that is cited in the charge.

" 'Every prisoner confined in a state prison who escapes or attempts to escape therefrom is punishable by imprisonment in a state prison for a term of not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison.'

"A. Yes, sir.

"THE COURT: That is the way it reads.

"THE DEFENDANT: All right. Thank you."

[4]Prior to its 1963 amendment, Penal Code section 4530 provided:

"Every prisoner confined in a state prison who escapes or attempts to escape therefrom, is punishable by imprisonment in a state prison for a term of not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison. No additional probational report shall be required with respect to such offense."

automobile where his wife awaited him, was arrested in Arkansas a few weeks later on a forgery charge, served several years in an Arkansas prison and had been released to the California authorities, who returned him to Kern County to face the escape charge. Of all offenses in the lexicography of crime, petitioner's was as simple as any. Theoretically he had available to him conceivable defenses going to the question of criminal intent and responsibility. (See Pen. Code, § 26.) There is not the slightest hint in the record that any such defenses existed. Petitioner was 27 years old at the time, rational, endowed with a grammar school education amplified by extensive experience with crime, criminal proceedings and penal institutions. His responses to the court were lucid and well conceived. Except in one respect, the record displays an accused person who was conscious of his predicament, whose waiver of counsel and plea of guilt were motivated by an intelligent recognition that contest was utterly futile.

Petitioner's understanding was incomplete in one respect. We cannot draw from the oral proceedings any inference that he knew of the possibility of life imprisonment. The court did not discuss the possible penalty before his plea of guilty. When, after imposition of sentence, petitioner inquired as to the possible term, he was given erroneous information, following which the statute was read to him. Even a reading of the statute would not convey to a layman recognition of the maximum life term. The record justifies the belief that when petitioner left the courtroom he was still unaware that his waiver and plea had subjected him to possible confinement or conditional parole for the rest of his life.

 Though judges should not undervalue other men's lives, this court has concluded that petitioner's ignorance of the maximum life sentence does not nullify his waiver. His was not a case in which representation by counsel might open an array of defenses. (Contrast *In re James, supra,* 38 Cal.2d 302.) A successful motion to set aside the information would have resulted in a second and adequately conducted preliminary examination. (*In re Van Brunt, supra; People* v. *White,* 213 Cal.App.2d 171, 176 [28 Cal.Rptr. 656].) An appeal to clemency would have been fruitless, for petitioner was ineligible for probation and there was no alternative to a prison sentence. (Pen. Code, § 1203.) On the facts available here, a lawyer would have been thoroughly justified in advising him to plead guilty, to return to prison, behave well and hope for

an early parole.[5] A closely related area of constitutional inquiry is that which appraises the adequacy of legal representation supplied the accused. In that area the courts adhere to the rule that a defense attorney's actions are vulnerable to a charge of inadequacy only if they cost the accused a crucial defense. (*People* v. *Nicolaus,* *(Cal.) 48 Cal.Rptr. 353, 409 P.2d 193; *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) If an unrepresented defendant's waiver of counsel costs him no potential defense or amelioration, his constitutional claims mount no higher than those of one represented by counsel. For all that the record shows here, there was nothing a lawyer, however talented, could have done for petitioner. Lack of legal advice and courtroom representation cost him nothing. Thus, despite his ignorance of the maximum possible sentence, his waiver of counsel was supported by enough awareness and understanding to sustain it against constitutional attack.

 As in *In re Grayson, supra,* 3 Crim. 4016, *ante,* p. 110, this day filed, the trial court failed to inquire whether the accused had "legal cause" why judgment should not be pronounced, although required to do so by Penal Code section 1200. Possibly, in view of the plea of guilt, the court's remark that there was "nothing else open to the court" except imposition of a prison sentence and petitioner's express agreement with that remark amounted to substantial compliance. In any event, since there had been an adequate waiver of counsel, omission of the statutory inquiry supplies no ground for collateral attack on the judgment. (*In re Turrieta,* 54 Cal.2d 816, 820-821 [8 Cal.Rptr. 737, 356 P.2d 681]; *In re Grayson, supra.*)

The order to show cause is discharged and the writ denied.

Pierce, P. J., and Bray, J.,† concurred.

---

[5]The soundness of such advice is retroactively demonstrated by the Adult Authority's later action in admitting petitioner to parole effective February 19, 1962, the earliest time permitted by Penal Code section 3044. Parole violation in 1964 caused petitioner's return to prison.

*A rehearing was granted on March 2, 1966.

†Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.