**Junior Ray LESTER, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 20524.**

United States Court of Appeals
Ninth Circuit.

June 29, 1966.

Rehearing Denied Aug. 1, 1966.

Junior Ray Lester, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., Jackson L. Smith, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and HAMLEY, Circuit Judge.

HAMLEY, Circuit Judge.

Junior Ray Lester, in custody under a California state judgment of conviction and sentence entered on February 19, 1963, appeals from a district court order denying, without hearing, his application for a writ of habeas corpus.

■ Lester asserts that a tape-recorded confession was obtained while he was in police custody and without first advising him of his right to remain silent, and his right to retained or appointed counsel. Admission of this tape recording in evidence against him, Lester contends, therefore deprived him of due process.

The right to such a warning prior to police interrogation while in custody was specifically recognized by the Supreme Court for the first time in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. It has since been decided, however, that the rules announced in those decisions are not to be applied retroactively. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. It follows that Lester is not entitled to habeas corpus relief on the described ground.

■ Lester further argues that, apart from the question of right to counsel, the admission in evidence of the tape-recorded confession deprived him of due proc-

ess because the recording was obtained by the police secretly and deceptively. However, police secrecy and deception in obtaining a tape recording of incriminating statements, unassociated with a right to counsel problem or other circumstance which would render such statements inadmissible, do not present a constitutional violation. See Lee v. Wilson, 9 Cir., 363 F.2d 824, and cases there cited. While Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, relied on by Lester, involved the surreptitious transmission to police, by radio, of incriminating statements made by the defendant, the Supreme Court reversed on a right-to-counsel ground.

The state court trial was to the court without a jury. The trial judge took the tape-recorded confession to his home and listened to it before deciding that Lester was guilty. Lester argues that this constituted a denial of due process. We do not agree.

In his application for a writ, Lester alleged that after his arrest he was, on two separate occasions, taken before a magistrate for a preliminary hearing, at which time he was not represented by counsel. He argues here that these circumstances constituted a denial of due process.

Lester did not allege that he requested the magistrate to provide counsel and that the request was denied, or that the magistrate failed to advise him of his right to retained or appointed counsel, or that he did not intelligently and knowingly waive the right to counsel on those occasions, or that he was prejudiced by anything which occurred at the preliminary hearing. In the absence of assertions of this character, the allegation, standing alone, that he was not represented by counsel at the preliminary hearing, did not raise a constitutional question. See Wilson v. Harris, 9 Cir., 351 F.2d 840.

Finally, Lester argues in this court that he was denied due process because the trial court received the tape-recorded confession in evidence without first determining that it was made voluntarily.

No such allegation or contention was made in his application for a writ. We therefore cannot consider the point on this appeal unless necessary to prevent a manifest miscarriage of justice. Davis v. People of State of California, 9 Cir., 341 F.2d 982, 986. Lester has made no allegation that his confession was obtained by promises or coercion nor, apart from the fact that he did not have counsel to advise him to remain silent, that it was for any other reason, involuntary. In the absence of allegations of this kind we do not believe that there has been a manifest miscarriage of justice.

Affirmed.