[Crim. No. 4084.   Third Dist.   Aug. 16, 1966.]

In re OVE JOHNSON on Habeas Corpus.

James A. Brennan for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

FRIEDMAN, J.—Ove Johnson, an inmate of Folsom State Prison, seeks habeas corpus, alleging constitutional defects in the 1953 proceeding leading to his plea of guilty and conviction on two counts of armed robbery. This is one of several cases in which we issued an order to show cause on the petitioner's claim that he had made a judicial confession of guilt in the course of his preliminary examination without a prior waiver of counsel. (*In re Van Brunt,* 242 Cal.App.2d 96 [51 Cal.Rptr. 136]; *In re Grayson,* 242 Cal.App.2d 110 [51 Cal. Rptr. 145]; *In re Kelly,* 242 Cal.App.2d 115 [51 Cal.Rptr. 148].)

Before his present application, petitioner sought habeas corpus in the Sacramento Superior Court in September 1964 and February 1965. Both petitions were rejected. He now alleges that in the preliminary proceedings in the Justice Court of the Walnut Creek Judicial District, Contra Costa County, he was not informed of his right to legal counsel, did not waive it and was induced by the prosecutor's threats and promises to confess guilt at his preliminary examination; that his superior court plea of guilty, in turn, was the product of the invalid confession at his preliminary examination.

The record before us includes extracts from the docket of the magistrate's court, a reporter's transcript of the oral proceedings at the preliminary examination, a copy of the superior court minutes on the occasion of petitioner's arraignment and plea and a copy of the probation officer's presentence report. Affidavits of the magistrate, of the superior court judge and of two members of the district attorney's office have been filed as part of the Attorney General's return. As permitted by Government Code section 69955, the court reporter's notes of petitioner's 1953 arraignment in the superior court were ordered destroyed in January 1965.

The first extract of the justice court docket shows that a complaint was filed and a warrant issued on September 15, 1953. A second entry declares that on September 16, 1953, petitioner and Diltz, his codefendant, were brought to court, arraigned and "informed of their legal rights." The entry does not show any plea in response to the arraignment, neither does it reflect the setting of a date for plea or for preliminary examination. A third entry bears the same date, September 16. Although apparently intended to reflect a preliminary examination, it does not so state in any express terms. Instead it simply recites that petitioner and his codefendant were sworn and testified and were held to answer in the superior court.

The reporter's transcript of the preliminary examination of September 16, 1953, states that petitioner and Diltz appeared in court in person and without counsel. The deputy district attorney, Robert A. Fugazi, told the court that the defendants had expressed their desire to have the preliminary examination at that time and wished to testify. Asked whether they consented to the preliminary examination and agreed to testify, both men responded affirmatively. The magistrate then informed them that if they took the stand they would do so voluntarily, without promise of immunity or reward, that their testimony would be taken down by a court reporter and might be used at a later date against them and might result in their conviction. The admonition included no statement relative to their representation by counsel, nor did the magistrate ask whether they waived counsel. After the admonition both the defendants stated their willingness to testify. Both took the stand and confessed under oath to the commission of two armed robberies. Both were then bound over to the superior court.

Although the record does not reflect entry of any plea whatsoever before the magistrate, absence of that legal step is not

prejudicial if there was a later, valid plea in the superior court after the accused were held to answer. Petitioner is in prison as the result of his plea of guilty in the superior court and not by reason of the entry, absence of entry or unrecorded entry of a plea in the magistrate's court.

Petitioner alleges that "at no time" did the magistrate inform him of his right to representation by counsel and he did not waive it. In his affidavit the magistrate states that he has no independent recollection of petitioner; that it was his practice before any felony arraignment to advise the defendant of his constitutional rights and particularly of his right to counsel; that a felony defendant's request for counsel was always granted; that if a defendant rejected counsel, it was the judge's practice to ascertain that the action was voluntary and intelligent. Mr. Fugazi's affidavit declares that he does not recall petitioner's case, but did participate at many preliminary hearings in which defendants waived counsel; that it was his practice at all such hearings to satisfy himself that these defendants had waived their rights to counsel and to silence; that if defendants did not waive these rights, the preliminary hearings would not proceed.

Superior court Judge Norman A. Gregg, who presided at the arraignment, has filed an affidavit stating that he has no recollection of defendant's case and describing his invariable practice of accepting a guilty plea from an unrepresented defendant only after being fully satisfied of an intelligent waiver of counsel and of the defendant's understanding of the significance of his plea and the possible punishment. Although the reporter's notes of petitioner's arraignment have been destroyed, the clerk's minutes are fairly detailed. They state in part: "The defendant Ove Johnson, states to the court that he has no counsel to represent him herein and that he has no money with which to employ counsel and the said defendant refuses the offer of the court to assign counsel to represent him herein, appearing in pro. pers. [*sic*]. Thereupon with the consent of the defendants, and each of them, said defendants are arraigned. . . ." Both petitioner and Diltz then entered pleas of guilty to both counts of armed robbery.

Affidavits as to custom or practice of the arraigning judge and of the prosecutor may be considered for the purpose of explaining or filling gaps in the official record. (*In re Luce,* 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918].) The affidavits of the magistrate and Mr. Fugazi are consistent with the docket recitation that defendants were "informed of their

legal rights.'' We are satisfied that when petitioner was first brought before the magistrate he was properly informed of his right to representation by counsel. ■ The statement of an unrepresented defendant's right to legal counsel need not be repeated every time he comes to court. (*In re Grayson, supra,* 242 Cal.App.2d 110, 114 [51 Cal.Rptr. 145].) In view of the time proximity between the initial appearance and the preliminary examination, there was no necessity that the judge repeat his statement of the defendant's rights.

■ As we held in *In re Van Brunt, supra,* 242 Cal. App.2d 96, 103-104, constitutional and statutory protections are not violated when an unrepresented defendant makes a judicial confession under oath at the preliminary examination, provided he has first been advised of his right to counsel and has intelligently waived that right. (See also, Pen. Code, § 866.5; *In re Berry,* 43 Cal.2d 838, 843-844 [279 P.2d 18].)

■ There is no record that petitioner waived counsel before his confession in the magistrate's court. We cannot impute or infer a waiver of counsel at petitioner's first appearance before the magistrate because he apparently did not plead innocent and could not lawfully plead guilty without counsel (Cal. Const., art. I, § 8; Pen. Code, § 859a). Since no plea was sought or made at his first appearance, there is no logical reason why a waiver of counsel should have occurred at that point. Although both the magistrate and Mr. Fugazi have stated in good faith that it was not their practice to proceed without a waiver of counsel, the transcript of the oral proceedings at the second appearance shows that no express waiver was requested or occurred. ''Presuming waiver from a silent record is impermissible.'' (*Carnley* v. *Cochran,* 369 U.S. 506, 516 [82 S.Ct. 884, 8 L.Ed.2d 70].) ■ Expression of an intent to plead guilty is not the equivalent of a waiver of counsel. (*In re Johnson,* 62 Cal.2d 325, 333 [42 Cal.Rptr. 228, 398 P.2d 420]; see *Blake* v. *Municipal Court,* 242 Cal.App.2d 731, 734 [51 Cal.Rptr. 771].) ■ The courts indulge in every reasonable presumption against such a waiver; it must be unqualified and may be made only by a defendant who has an intelligent recognition of the consequences. (*People* v. *Douglas,* 61 Cal.2d 430, 434-435 [38 Cal. Rptr. 884, 392 P.2d 964]; *In re Van Brunt, supra,* 242 Cal.App.2d 96 at p. 106.) As the record comes to us now, it fails to demonstrate that petitioner waived counsel in the magistrate's court. ■ In the absence of a waiver petitioner's judicial confession supplied no evidence upon which a commitment could be based. (*McCarthy* v. *Superior Court,* 162

Cal.App.2d 755 [238 P.2d 819]; *People* v. *Williams,* 124 Cal.App.2d 32 [268 P.2d 156].) His commitment was thus invalid. Before we discuss the impact, if any, on petitioner's present application, we shall consider other contentions.

Petitioner alleges that before his preliminary examination he was visited in jail by the assistant district attorney, who told him he would be sent to the Youth Authority if he confessed, and if he did not, would get consecutive sentences for armed robbery. Mortimer B. Veale, chief criminal deputy in the district attorney's office, participated in defendant's arraignment in the superior court. We have his affidavit in addition to Mr. Fugazi's. Neither Mr. Fugazi nor Mr. Veale has independent recollection of petitioner or his case. Each denies under penalty of perjury that he ever made threats or promises to petitioner or any other defendant. In view of these affidavits and petitioner's silence for more than a decade, petitioner's assertions of coercion and inducement are not credible. ▮ Quite aside from any question of credibility, one who seeks habeas corpus must disclose fully the reasons for his delay. (*In re Shipp,* 62 Cal.2d 547, 553 [43 Cal.Rptr. 3, 399 P.2d 571].) Petitioner's failure to meet this burden is an additional reason for rejecting his claim of coercion and inducement.

Petitioner next claims invalidity of the superior court proceedings. He admits refusing the court's offer to appoint an attorney to represent him but alleges that he did so because he had already incriminated himself at the preliminary examination and "was unaware that he was allowed to change his plea." It is important to recognize the exact character of this contention. The usual claim of invalid waiver of counsel is bottomed upon inadequate courtroom advice and consequent deprivation of an intelligent choice between recognized alternatives, as in *In re James,* 38 Cal.2d 302 [240 P.2d 596], *In re Johnson, supra,* 62 Cal.2d 325, and *People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246]. Petitioner, in contrast, makes no claim that the superior court judge did not fully inform him of his rights; does not assert that he did not fully understand the consequences of his refusal of counsel and plea of guilt; does not traverse the trial judge's affidavit describing his invariable practice of advising unrepresented defendants; does not attack the presumption (*In re Johnson, supra,* 62 Cal.2d at p. 330 [42 Cal.Rptr. 228, 398 P.2d 420]) that the court properly performed its duty. Essentially he charges that his choice was unintelligent or ineffectual because

he thought that he was irrevocably fastened with the confession at the preliminary examination.[1] He is really attacking his plea of guilt as the product of his illegal confession in the magistrate's court.

The validity of the petitioner's plea of guilt turns upon the causal relationship between the prior invalid confession and the subsequent plea, that is, whether the latter was motivated by the former. (*In re Seiterle,* 61 Cal.2d 651, 657 [39 Cal.Rptr. 716, 394 P.2d 596] ; *People* v. *Reid,* 233 Cal.App.2d 163, 175-176 [43 Cal.Rptr. 379].) The record reveals two robberies of service station attendants. The perpetrators were driving an automobile owned by Diltz. On one occasion they were armed with a pistol, on the other with a straightedge razor. Presumably, both robbery victims were available to testify and Diltz's ownership of the car could be established. Petitioner was 20 years old, had completed three years of high school, had been discharged from the Navy after two years of service and had civilian employment as an instructor training service station attendants. He had a prior conviction of auto theft. The probation officer's presentence report states that Johnson "requests that it be noted that he was not personally armed during the commission of these offenses and also wishes it included in the report that he intends to pay restitution to all of the persons who lost money as a result of his offenses." There is no hint in the record and no present claim that petitioner's mental faculties prevented intelligent recognition of his predicament. The circumstances are entirely consistent with a deliberate and informed decision to forego a useless defense. Indeed, once petitioner's tardy assertions of coercion and improper inducement are rejected, the facts are consistent with no other hypothesis. We conclude that petitioner's plea of guilt was not motivated by his illegal confession before the magistrate; rather, both the confession and the plea were the product of his independent and informed decision. Under similar circumstances we stated : ''The circumstances, however, demonstrate that [the defendants] had decided to plead guilty before making these statements. Their pleas of guilt were the product of their informed and deliberate decisions, not of their

---

[1]As a matter of law he was not. *People* v. *Mora,* 120 Cal.App.2d 896, 899-900 [262 P.2d 594] (disapproved on another point by *People* v. *Van Eyk,* 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326]), excludes trial evidence of the accused's incriminating testimony at his preliminary examination when he has not effectively waived counsel. (See also *Wilson* v. *Harris,* 351 F.2d 840; *In re Van Brunt, supra,* 242 Cal.App.2d at p. 109.)

later, improperly elicited courtroom confessions.'' (*In re Van Brunt, supra,* 242 Cal.App.2d at p. 109.)[2]

Habeas corpus adjudication may demand a de novo evidentiary hearing to explore allegations of constitutional injury in an antecedent criminal prosecution. Situations calling for such hearings in the federal courts were enumerated in *Townsend* v. *Sain,* 372 U.S. 293, 313-318 [83 S.Ct. 745, 9 L.Ed.2d 770], and suggested as feasible standards for California courts in *In re Shipp, supra,* 62 Cal.2d at pp. 553-556. Neither petitioner's claim of a plea of guilt tainted by an invalid confession nor his assertions of coercion and inducement call for such a hearing. A habeas corpus applicant must make out a case for the writ by showing timely pursuit of available remedies or satisfactory reasons for delayed pursuit. (*In re Shipp, supra,* 62 Cal.2d at p. 553.) Petitioner does not say that he was not fully advised of his rights in the superior court. Neither by objection in the superior court, nor by appeal nor by a petition for extraordinary relief did he make his assertions while the facts were fresh. He waited for 11 years before his first attempt at judicial relief. Now after the lapse of 13 years none of the participating judges or prosecutors has any specific memory of petitioner or of the circumstances. He offers no evidence in support of his claims other than his own unsupported allegations. A hearing would produce no more evidence than is now in our hands. The operative constitutional facts are restricted to the record before us because petitioner's

---

[2]There is an obvious constitutional kinship, if not identity, between a judicial confession elicited in the magistrate's court and an extrajudicial confession elicited by police interrogation, when neither is preceded by an informed waiver of counsel. The latter, of course, is the subject of such leading decisions as *Miranda* v. *Arizona,* 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694], decided June 1966, *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]; decided June 22, 1964, and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], decided January 1965. Had petitioner's confession occurred in the police interrogation room rather than the magistrate's court, these later decisions would not be retroactively available to him as a means of collateral attack on his 1953 confession. (*Johnson* v. *New Jersey,* 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882]; *In re Lopez,* 62 Cal.2d 368, 372-382 [42 Cal.Rptr. 188, 398 P.2d 380].) Parity of reasoning would debar the present collateral attack, which is based upon a constitutionally similar (uncoerced) confession. We prefer, however, to base our decision upon the lack of causal relationship between the improper confession and the plea of guilt. Although the constitutional basis for exclusion of the police-elicited confession was revealed only by the 1964 *Escobedo* decision, this court, as early as 1953, had discerned a due process objection to evidentiary use of the analogous confession in the magistrate's court. (*People* v. *Mora, supra,* 120 Cal. App.2d at pp. 899-900.)

inexcusable delay has buried any additional facts beyond hope of exhumation. (*In re Shipp, supra,* 62 Cal.2d at p. 555.)

■ Petitioner's imprisonment resulted from his informed plea of guilty and the ensuing judgment of the superior court, not from his invalid preliminary examination and commitment. Evidence of his improper confession before the magistrate was inadmissible in any later proceeding; thus the preliminary examination was not a "critical stage" in the prosecution; hence, inadequate protection of his right to counsel in the magistrate's court does not evoke federal constitutional guaranties. (*Wilson* v. *Harris, supra,* 351 F.2d 840, 844; *In re Van Brunt, supra,* 242 Cal.App.2d at p. 109; see *White* v. *Maryland,* 373 U.S. 59 [83 S.Ct. 1050, 10 L.Ed.2d 193].) For the same reason the improperly elicited confession was not used to convict defendant and did not cause a "miscarriage of justice." (Cal. Const. art. VI, § 4½; see *In re Spencer,* 63 Cal.2d 400, 411 [46 Cal.Rptr. 753, 406 P.2d 33].)

The order to show cause is discharged and the writ denied.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied September 13, 1966.