THE COURT
 

 On May 10, 1966, this court filed its decision denying petitions for habeas corpus sought by Kenneth
 
 *568
 
 Van Brunt and Hugh Vizzard (Crim. Nos. 3996 and 4003; reported as
 
 In re Van Brunt,
 
 242 Cal.App.2d 96 [51 Cal.Rptr. 136]). A year later, on May 5, 1967, the Supreme Court filed its decision in
 
 In re Smiley,
 
 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]. In the course of the
 
 Smiley
 
 opinion the court stated (66 Cal.2d at pp. 626-627) : “We conclude that the denial of petitioner’s right to counsel requires his judgment of conviction to be set aside without inquiry into the matter of prejudice. The eases of
 
 In re Bell
 
 (1967)
 
 supra,
 
 247 Cal.App.2d 655 [55 Cal.Rptr. 705],
 
 People
 
 v.
 
 Goldman
 
 (1966)
 
 supra,
 
 245 Cal.App.2d 376 [53 Cal.Rptr. 810];
 
 In re Van Brunt
 
 (1966) 242 Cal.App.2d 96 [51 Cal.Rptr. 136], and
 
 In re Kelly
 
 (1966) 242 Cal.App.2d 115 [51 Cal.Rptr. 148], are disapproved insofar as they are inconsistent with this conclusion. ’ ’
 

 Believing that the Supreme Court’s expression of disapproval entitled him to reconsideration, petitioner Vizzard has now filed a document entitled “Motion to Becall the Bemittitur through Habeas Corpus.” We treated the document as a new application for habeas corpus, issued an order to show cause and appointed as counsel for Vizzard the same attorney who had represented him on his earlier application. The Attorney General has filed a return, and petitioner’s attorney has filed a traverse and supporting brief.
 

 This court’s
 
 Van Brunt-Vizzard
 
 opinion of May 10, 1966, consisted of these principal points:
 

 (a) Both Van Brunt and Vizzard had been denied their constitutional rights to representation by counsel at their preliminary examination, and their commitment was illegal. (242 Cal.App.2d at pp. 103-106.)
 

 (b) Nevertheless, they had been represented by counsel at their arraignment and plea of guilty in the superior court, and their failure to move to set aside the information under Penal Code section 995 was a waiver of the commitment’s illegality. (242 Cal.App.2d at pp. 106-107.)
 

 (e) Beeognizing that
 
 pro forma,
 
 inadequate representation by the attorney appointed to represent petitioners in the superior court might nullify the waiver and plea of guilty and in order to assure ourselves that the waiver and plea were not the product of inadequate legal representation, we examined the circumstances surrounding the petitioners’ arrest, their confessions and expression of desire to “go to court.” At that point we concluded that their representation by coun
 
 *569
 
 sel in the superior court was not inadequate. (242 Cal.App.2d at pp. 107-108.)
 
 [1]
 

 (d) The violation of petitioner’s Sixth and Fourteenth Amendment rights at the hands of the committing magistrate was not fatal to the plea and judgment of guilt in the superior court, since the preliminary examination in California is not a “critical stage” in the prosecution. (242 Cal.App.2d at p. 109.)
 

 Although
 
 In re Smiley
 
 likewise involved a violation of the constitutional guarantee of counsel, the violation was one which infected the trial or adjudication of guilt rather than the preliminary examination. Under those circumstances, the Supreme Court held that it would not engage in an inquiry as to whether the deprivation of counsel caused the loss of a “crucial defense;” rather, that the deprivation required nullification of the conviction without inquiry into the question of prejudice. (66 Cal.2d at pp. 625-626.) At that point occurs the statement, quoted above, expressing some measure of disapproval of the
 
 Van Brunt-Vizzard
 
 decision.
 

 Our comparative—possibly fallible—analysis of the
 
 Smiley
 
 and the
 
 Van Brunt-Vizzard
 
 decisions discloses no inconsistency between them. There is a distinction between denial of counsel at the preliminary examination in a felony case and the denial of counsel at the adjudication of guilt in any criminal case; also a distinction between a denial of any attorney whatever and an attorney’s alleged inadequacy which might or might not amount to a denial of counsel.
 
 [2]
 
 In
 
 Van BruntVizzard
 
 we were confronted with claims of violation of the right to counsel both at the preliminary examination and at the subsequent adjudication of guilt in the superior court. We
 
 *570
 
 held that there had indeed been a denial of counsel at the preliminary examination, but that the preliminary examination was not, as a matter of law, a “critical stage” in California felony prosecutions. Turning to the superior court proceeding, we concluded that the court-appointed attorney had not supplied inadequate representation and thus, that no constitutional violation whatever had occurred in the superior court. We inquired into the record to ascertain adequacy of the legal representation supplied in the superior court proceedings.
 
 [3]
 
 We did not inquire into the record to ascertain whether a denial of counsel in the trial court was prejudicial, because—as we viewed the matter—no such denial had occurred. We did not, in other words, indulge in the “unbridled speculation” described in footnote 14 of the
 
 Smiley
 
 decision 66 Cal.2d at p. 626).
 

 Being unable to find any inconsistency between the
 
 Smiley
 
 opinion and the opinion in which we rejected petitioner Yizzard’s earlier application, we discern no basis for granting the present application.
 

 A development in California law is in process which may be useful to petitioner in a future application for habeas corpus relief. As we have stated, one basis for rejection of his first application was our conclusion that the denial of counsel in the preliminary examination did not infect his ultimate conviction with unconstitutionality, since (according to our view) the preliminary examination is not a critical stage in California felony prosecutions. We restated that view in
 
 In re Wells
 

 *
 
 (Cal.App.) 61 Cal.Rptr. 747, decided August 23, 1967. (See also
 
 White
 
 v.
 
 Maryland,
 
 373 U.S. 59 [10 L.Ed.2d 193, 83 S.Ct. 1050];
 
 Wilson
 
 v.
 
 Harris,
 
 351 F.2d 840;
 
 Wells
 
 v.
 
 California,
 
 234 F.Supp. 467.) Another Court of Appeal (Fourth District, Division Two) has adopted a contrary view
 
 (People
 
 v. Harris
 
 †
 
 (Cal.App.) 61 Cal.Rptr. 488, dated Aug. 10, 1967.) The State Supreme Court has granted hearings in
 
 In re Wells
 
 and
 
 People
 
 v.
 
 Harris,
 
 both of which are now pending before
 
 *571
 
 that tribunal. Inferably, the Supreme Court may soon characterize the preliminary examination as either a critical or a noncritical stage in California felony prosecutions.
 

 The petition for habeas corpus is denied and the order to show cause discharged.
 

 Petitioner’s application for a hearing by the Supreme Court was denied December 27, 1967.
 

 [1]
 

 We stated at that point (p. 108) : “Under the circumstances there is no room for the belief that the attorney’s participation in the arraignment supplied the form of legal representation without its substance.
 

 “Inadequacy of legal representation infects a conviction only if the attorney’s failure results in loss of a crucial defense. [Citations.] . . . Whether or not the attorney consciously considered such a motion [under section 995], his failure to make it was not crucial.”
 

 [2]
 

 The latter distinction receives recognition in the following statement in the
 
 Smiley
 
 opinion (66 Cal.2d at p. 626): “In effect there is a presumption, born of necessity and experience, that under our adversary system of justice an attorney will strive to defend his client’s interests to the best of his professional ability. But it is evident that no such presumption attaches when a defendant has been denied any attorney whatever; in that case, as here, an appellate court could conclude there was ‘no prejudice ’ only upon a finding that of the many and varied efforts an attorney could have undertaken for the defendant, not one would have been of benefit. In most cases such a finding would indeed require ‘impossible prescience,’ and the risk that it may be erroneously made is one to which a defendant may not constitutionally be subjected. ’
 
 ’
 

 [3]
 

 See footnote 1,
 
 supra.
 
 Such an inquiry appears to be consistent with the approach taken in
 
 People
 
 v.
 
 Lindsey,
 
 56 Cal.2d 324, 328 [14 Cal.Rptr. 678, 363 P.2d 910];
 
 People
 
 v.
 
 Ibarra,
 
 60 Cal.2d 460, 464-465 [34 Cal.Rptr. 863, 386 P.2d 487];
 
 People
 
 v.
 
 Nicolaus,
 
 65 Cal.2d 866, 883 [56 Cal.Rptr. 635, 423 P.2d 787]; and in the
 
 Smiley
 
 opinion itself, 66 Cal.2d at page 625.
 

 *
 

 A hearing was granted by the Supreme Court on October 5, 1967. The final opinion of that court in
 
 In re Wells
 
 is reported in 67 Cal.2d 873 [64 Cal.Rptr. 317, 434 P.2d 613].
 

 †
 

 A hearing was granted by the Supreme Court on October 5, 1967. The final opinion of that court in
 
 People
 
 v.
 
 Harris
 
 is reported in 67 Cal.2d 866 [64 Cal.Rptr. 313, 434 P.2d 609].