[Crim. No. 2451. Third Dist. Oct. 29, 1953.]

THE PEOPLE, Respondent, v. RAMON SANDOVAL MORA, Appellant.

Sutter, Elledge & Carter for Appellant.

Edmund G. Brown, Attorney General, and Gail Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was charged by information with three counts of attempted murder. He was convicted on all three and he appeals from the judgment and from the trial court's order denying his motion for new trial.

The occurrences giving rise to the prosecution of appellant took place at the Star Café on Highway 99 in Turlock. Appellant fired five or six shots from a pistol, striking three men and inflicting serious wounds, though none died therefrom. Appellant first entered the café for coffee and during his stay got into an altercation with one Pete Garcia. He returned later with a gun and the shooting followed. His defense was that he had been set upon and had fired in self-defense. He took the stand in his own defense and during his cross-examination by counsel for the People there was introduced in evidence over his objection certain statements he had made while on the stand under oath in a preliminary examination. His principal contention on appeal is that prejudicial error was committed by the admission of these statements. He also contends that the evidence was insufficient to support his conviction, but we think this contention cannot be sustained. However, it is unnecessary to treat thereof specifically because we have concluded that the judgment and order appealed from must be reversed because of the admission of his testimony given at said preliminary.

Appellant is a farm laborer of Mexican extraction, unable to adequately speak or understand the English language and completely unfamiliar with judicial proceedings. Throughout all the proceedings involved in this appeal an interpreter was used.

When appellant was first arrested upon a complaint charging attempts to murder he was in due time taken before a committing magistrate. He was held to answer and an information charging him with three offenses of attempted murder was filed. Counsel was appointed by the trial court to defend him and in proper time moved under section 995 of the Penal Code that the information be set aside because the defendant had not been legally committed. The motion was specifically based upon the ground that the defendant had been denied the right to counsel in violation of section 13, article I of the California Constitution and in violation of the 14th

Amendment to the Constitution of the United States. This motion was granted by the trial court. Thereafter a new complaint was issued against the defendant, containing the same charges as the first. He was regularly committed for trial by the magistrate at a preliminary hearing and was thereafter informed against, tried and convicted. When counsel for the People sought during the trial to introduce portions of the testimony of defendant at the first preliminary adequate objections were made that the same were inadmissible because they had been elicited during proceedings wherein the accused had been denied counsel. After considerable discussion in chambers, out of the presence of the jury, during which proceedings the matter was fully discussed by the court and counsel for both sides, the ruling of the court was adverse to defendant and the statements were admitted. If admissible they were clearly material. Stated narratively, the testimony admitted was as follows: When I came back into the restaurant I was angry at Pete Garcia. As I came in I told him to take out his knife and he tried to but I fired and he didn't do anything except throw a glass of beer at me. I told him to take out his knife because he had already threatened me. I was going to shoot him when he did. There was other testimony introduced concerning his shooting the three men whom he was charged with attempting to murder, but the foregoing was the most damaging evidence as it directly affected his claim of self-defense and was contradictory in part of his testimony at the trial, thus placing his credibility in issue before the jury.

The record as to what had occurred at the first preliminary resulting in the denial of the accused's right to counsel is not as clear as it might be, but since the fact of such denial has been determined by the trial court the matter is res judicata against the People. The doctrine of res judicata has been applied in California in criminal cases. (*People* v. *Beltran,* 94 Cal.App.2d 197, 202 et seq. [210 P.2d 238], and cases cited.) It is stated in 50 Corpus Juris Secundum, section 754, page 267, that this principle is applicable to criminal proceedings as well as to civil proceedings. In *United States* v. *Carlisi,* 32 F.Supp. 479, it was said by headnote: ''In prosecution for conspiracy to set up stills, . . . , testimony of agents who had made search and seizure which court, in previous prosecution against one defendant for possession of still, had decided was illegal, was inadmissible because judgment of acquittal in previous prosecution rendered upon

merits and decision that search and seizure was illegal were 'res judicata' of rights of parties.'' In the annotation to *Harris* v. *State of Georgia,* 193 Ga. 109 [17 S.E.2d 573, 147 A.L.R. 980, 992], it is given as a general rule that ''The doctrine of res judicata, by which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is applicable to judgments in criminal prosecutions.'' (See, also, *United States* v. *Oppenheimer,* 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516].) In *People* v. *Grzesczak,* 77 Misc. 202 [137 N.Y.S. 538], the court said: ''The only litigated question of fact on both these indictments is the presence of the accused when these crimes were committed. That question having once been decided, it cannot again be tried.'' While the determination here involved was responsive to a motion, nevertheless to such determination the doctrine of res judicata is applicable where the particular proceedings admit of a full hearing on the merits and especially where, as here, the resulting order is appealable. (60 C.J.S., ''Motions and Orders,'' § 65g.) The text referred to declares: ''Final orders, or orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and, under the doctrine of res judicata, binding on the parties in all subsequent proceedings, unless reversed or modified by an appellate court.'' It is clear from this record that the factual question of whether or not defendant had been unlawfully denied the services of counsel in the first preliminary was squarely put before the court by his motion to set aside the information and was decided in his favor. It follows, therefore, that when at the trial in support of his objection to the admission of his testimony in the first preliminary, he advised the court of his position that the matter was inadmissible because of the previous ruling on the motion, he sufficiently grounded his objection upon the doctrine of res judicata.

 We think that testimonial statements made by an accused under cross-examination, at a preliminary hearing at which he has been denied his constitutional right to counsel, cannot be thereafter admitted in evidence against him over his objection. To permit such statements to be introduced would do violence to all the rules of fair play. To condone such a practice could render futile the right to the aid of counsel so carefully preserved by our Constitutions, our

statutes and our decisions. It would open the gate to unlawful preliminary hearings at which damaging statements would be elicited; to be followed by properly conducted proceedings leading to trial whereat the statements so obtained could be used for conviction. The United States Supreme Court has held in *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], that the wrong in unlawfully obtaining evidence may be so great that its use thereafter would amount to a denial of due process. ■ Denying the right to counsel in criminal proceedings is the denial of due process. (*People* v. *Zammora,* 66 Cal.App.2d 166, 234 [152 P.2d 180].) Giving to the adjudication that appellant's right to counsel was denied, the weight to which it is entitled we think the trial court erred in admitting the statements made by accused at the first preliminary. To admit evidence so obtained into the subsequent trial was to carry into that trial the same denial of due process which the court had already adjudicated had occurred at the preliminary.

The judgment and the order appealed from are reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied November 10, 1953, and respondent's petition for a hearing by the Supreme Court was denied November 24, 1953. Traynor, J., was of the opinion that the petition should be granted.