[Crim. No. 4464.   First Dist., Div. Two.   Oct. 19, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. LEONARD DUGAN, Defendant and Appellant.

Leonard Dugan, in pro. per., and E. John Erickson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., James Murad and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—■■ In the absence of some showing of prejudice, a jury conviction of first degree robbery should not be set aside merely because defendant's plea of not guilty to the amended information was made in chambers instead of in open court as required by Penal Code sections 1017 and 1018. We, of course, are not concerned here with a plea of guilty.

Defendant had previously pleaded not guilty to the information in open court. However, he was again arraigned when the information was amended by changing the amount obtained in the robbery from $300 to $200 and by adding that defendant had served a term in state prison on the first prior conviction charged in the original information.

We are of the opinion that the procedural error now complained of on appeal did not in any way prejudice defendant or result in a miscarriage of justice. (Cal. Const., art. VI, § 4½.)

■■ Defendant had been charged in a prior action with the same offense and the information therein was set aside by order of the superior court pursuant to a motion made by defendant under Penal Code section 995. However, section 999 of the Penal Code provides that such an order "is no bar to a future prosecution for the same offense." Such

relitigation is not a denial of due process. (*People* v. *Prewitt*, 52 Cal.2d 330, 340 [341 P.2d 1]; *People* v. *Van Eyk*, 56 Cal. 2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326].)

Defendant was accordingly again charged and held to answer following another preliminary examination in which the evidence was more detailed but was substantially the same as before. ■ He now contends on this appeal that the order setting aside the information in the prior action "was a final determination of the issue as to whether there was or was not probable cause to hold defendant over as to evidence adduced at the first preliminary hearing" and that such finding "was res judicata of this issue upon the same set of facts."

While section 995 of the Penal Code provides in pertinent part that a defendant may move to set aside an information on the ground that he "had been committed without reasonable or probable cause," defendant did not so move in the present prosecution.

Section 996 of the Penal Code provides that, unless such motion is made, "defendant is precluded from afterwards taking the objections mentioned in the last section [995]." (*People* v. *Middleton*, 103 Cal.App. 135, 137 [283 P. 976], to the effect that section 996 relates back to section 995, not 995a.)

Moreover, the same res judicata contention was rejected in *People* v. *Van Eyk*, 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326]; *People* v. *Prewitt*, 52 Cal.2d 330, 340 [341 P.2d 1]; and *People* v. *Ferrera*, 149 Cal. App.2d 850, 852 [309 P.2d 533].

In *People* v. *Prewitt, supra,* the court said: "Defendant contends that the doctrines of res judicata and collateral estoppel are applicable to establish that the evidence in the present case was unlawfully obtained. The dismissal of an information or indictment, however, will not bar a trial based on a subsequent accusatory pleading charging the identical offense." (Pp. 339-340.)

In *People* v. *Ferrera, supra,* the court said: "The order dismissing the first information constituted no bar to the present prosecution. . . . The fact that the People did not appeal from the order granting the motion to dismiss the first information furnishes no ground for complaint on the part of defendant. No constitutional right of his is invaded by the present prosecution on a second information. [Citations.] . . . The point [res judicata] is not tenable." (Pp. 852-853.)

Defendant cites and relies upon *People* v. *Mora,* 120 Cal. App.2d 896 [262 P.2d 594], to support his contention that res judicata bars the instant prosecution. That case is distinguishable but it need not be further discussed herein because it has been expressly disapproved in *People* v. *Van Eyk, supra,* wherein the Supreme Court said: "The untenable contention is made by defendant that, in view of the order setting aside the information in the action charging him with possession of narcotics, the doctrine of res judicata is available to establish that the evidence introduced against him here, which is the same as that involved in the prior action, was illegally obtained." After referring to section 999 of the Penal Code and *People* v. *Prewitt, supra,* to the effect that res judicata does not apply in a subsequent prosecution, the court added: "Insofar as *People* v. *Mora* . . . is to the contrary, it is disapproved." (P. 477.)

Defendant admitted the two prior robbery convictions as charged in the amended information. At the time of sentencing, the court adjudged him to be a habitual criminal as defined in subdivision (a) of section 644 of the Penal Code.

The wording of this subdivision is identical with that of subdivision (b) of the same section, except that (a) applies to a defendant who has been "previously twice convicted" and (b) applies to one who has been "previously three times convicted." The punishment prescribed in each is "imprisonment in the state prison for life."

Defendant states that subdivisions (a) and (b) are inconsistent with each other in that a defendant who has been previously convicted of only two felonies is punished as severely as one who has been so convicted three or more times. He argues that there is no logical reason for such inconsistency and that he should not be subjected to life imprisonment as a habitual criminal until he has suffered at least three prior felony convictions.

Section 644 must be read in conjunction with sections 3047 and 3048 of the Penal Code. Section 3047 provides that "Any person imprisoned as an habitual criminal under paragraph (a) of section 644 shall not be eligible for a release on parole until he shall have served a minimum term of at least 15 years . . . ." Whereas, section 3048 applies only to paragraph (b) of section 644 and provides that such minimum term shall be at least 20 years. There is thus a logical reason for the differentiation made in section 644 between "two-time losers" and "three-time losers" and we find no incon-

sistency between the provisions of subdivisions (a) and (b) of that section.

It may also be noted that sections 3047 and 3048 were added as new sections in 1941 and that section 644, before its amendment in that year, contained the subject matter now covered by sections 3047 and 3048.

Judgment affirmed.

Shoemaker, P. J., ánd Taylor, J., concurred.

A petition for a rehearing was denied November 18, 1964, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1964.