[No. D010422. Fourth Dist., Div. One. Jan. 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH DONALD METHEY, Defendant and Appellant.

[No. D012007. Fourth Dist., Div. One. Jan. 30, 1991.]

In re KENNETH DONALD METHEY on Habeas Corpus.

COUNSEL

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Robert M. Foster and Robert P. Whitlock, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BENKE, Acting P. J.—Appellant Kenneth Donald Methey appeals from the denial of his motion to suppress in San Diego County Superior Court No. CRE99755. Alternatively he urges his trial counsel was incompetent. We conclude the trial court committed no error and that his defense was not prejudiced by any incompetence.

FACTS

The facts which serve as the basis for Methey's conviction are not disputed by the parties. On April 6, 1988, at 3 a.m., El Cajon Police Officer Michael Hohlweg observed Methey walking on the sidewalk of North Third Street in El Cajon. Hohlweg recognized Methey from numerous prior police contacts and arrests for drug-related crimes. Methey was carrying what Hohlweg believed was a metal bar. When Hohlweg approached Methey, Methey threw the bar to the ground.

Hohlweg patted down Methey's outer clothing after Methey said "I dropped [the metal bar] so you wouldn't think I was going to hit you with it." Methey was perspiring and shaking. He was larger than Hohlweg and was wearing a large, baggy nylon jacket. When Hohlweg patted Methey's right front pants pocket, he felt a plastic baggie-type container which Hohlweg thought might be marijuana. Hohlweg said "It feels like you are holding [in possession of narcotics or some controlled substance]." Methey responded "No, it's just money." Methey then reached into his pocket with

his right hand and, as the officer held Methey's wrist, withdrew some currency and a baggie of marijuana from his pocket.

Hohlweg continued to pat Methey down and asked for identification. Methey thereupon removed his wallet from his back pocket and thumbed through his papers for identification. While doing so, he dropped a handful of papers in the street. In attempting to locate proper identification, Hohlweg looked through the wallet and found a bindle which he believed was methamphetamine.

## PROCEDURAL HISTORY

### A. No. CRE94804

In San Diego County Superior Court No. CRE94804, Methey was charged with, among other offenses, possession of methamphetamine for sale and possession of a controlled substance. It was further alleged he possessed more than 28.5 grams of methamphetamine for sale, making him ineligible for probation. Methey's motion to suppress evidence was granted by the superior court at a Penal Code[1] section 1538.5 hearing. Thereafter, on July 11, 1988, the People stated they could not proceed and the trial court dismissed the charge in the furtherance of justice.[2] The People did not appeal the order suppressing evidence.

### B. No. CRE99755

On August 3, 1988, the People refiled the dismissed charges as San Diego County Superior Court No. CRE99755. The refiling was permitted by section 1387, which gives the People one additional opportunity to file charges which have been dismissed.[3] Following a preliminary examination, Methey again moved to suppress evidence. His motion was granted and the charges against him were again dismissed.

On November 9, 1988, the People moved under section 871.5 to reinstate the complaint. The People's motion was heard and granted on January 25, 1989. Thereafter, on February 2, 1989, an information was again filed in

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Penal Code section 1385 provides in part: "The judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

[3] However, under section 1387, the People are not given more than one additional opportunity to file dismissed charges. Section 1387 provides in pertinent part: "An order terminating an action pursuant to this chapter . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been *previously* terminated pursuant to this chapter." (Italics added.)

No. CRE99755. Methey again moved to suppress evidence and his motion was heard on April 26, 1989. This time his motion was denied.

Methey pleaded guilty to possession of methamphetamine for sale. In return the remaining counts were dismissed and the People agreed to concurrent sentencing in a separate probation violation case.

On May 30, 1989, Methey was sentenced to serve three years in prison for possession of drugs for sale with two years to run concurrently on the violation of probation and eight months consecutive for an auto theft which occurred on January 29, 1989.

### ISSUES ON APPEAL

Methey does not quarrel with the People's right to refile the charges against him in No. CRE99755. He argues instead that upon refiling, the People were precluded from using the evidence suppressed in No. CRE94804. In particular, he asks us to apply the principles of res judicata and collateral estoppel when charges are refiled under the provisions of section 1387. He contends his counsel's failure to raise the ruling in No. CRE94804 in support of his motion in No. CRE99755 denied him his right to competent counsel.

We reject Methey's argument. We are unwilling to apply collateral estoppel or res judicata principles following a dismissal under section 1385. We believe the overwhelming weight of authority with respect to dismissals and refiling runs counter to Methey's position; and further, the policies underlying section 1538.5, subdivision (d), do not require the interpretation he urges. We conclude section 1538.5, subdivision (d), which prohibits the use of suppressed evidence at "any trial or hearing" refers to any trial or hearing resulting from the charging documents then before the court. Hence, we find no error in the trial court's order denying Methey's motion and no deprivation of his right to counsel in his attorney's failure to assert that the ruling in No. CRE94804 precluded use of evidence seized from him.

### DISCUSSION

#### I

■ As a general proposition, in criminal cases, the doctrine of res judicata, which prevents relitigation by the parties of issues that have been determined by a final judgment in a previous action between the parties, and the doctrine of collateral estoppel, which bars relitigation of previously decided issues in a new proceeding on a different cause of action, have been

limited to those situations where jeopardy has attached at the previous proceeding. (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 668, fn. 4 [108 Cal.Rptr. 657, 511 P.2d 609]; *In re Crow* (1971) 4 Cal.3d 613, 622-623 [94 Cal.Rptr. 254, 483 P.2d 1206]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 351, p. 405; see also *In re Coughlin* (1976) 16 Cal.3d 52, 60-61 [127 Cal.Rptr. 337, 545 P.2d 249].) An overview of case law dealing with the dismissal and refiling of charges reflects the continuing viability of this general statement of the law.

Where charges have been refiled following the granting of a motion to dismiss under section 995, a situation analogous to that presented here, case law categorically rejects the contention that res judicata or collateral estoppel operate to bind the parties in the second filing to those suppression issues resolved during the first. (*People* v. *One 1960 Cadillac Coupe* (1964) 62 Cal.2d 92, 95 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Van Eyk* (1961) 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326]; *People* v. *Prewitt* (1959) 52 Cal.2d 330, 339-340 [341 P.2d 1]; *People* v. *Dugan* (1964) 230 Cal.App.2d 254, 256-257 [40 Cal.Rptr. 860]; *People* v. *Ferrera* (1957) 149 Cal.App.2d 850, 852-853 [309 P.2d 533].)

Likewise, the dismissal and refiling of charges following a magistrate's adverse ruling on a suppression motion do not operate as res judicata or collateral estoppel of any issues resolved during that motion. The refiled charges are considered a second, separate prosecution. In the second prosecution, determinations made in the first, including those that the evidence resulted from an unlawful search and seizure, "are not only not res judicata [citations], they are not even to be considered [citations] except to the extent they tend to demonstrate unlawful prosecutorial harassment [citations] or prosecutorial delay." (*People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 16-17 [152 Cal.Rptr. 233]; see *People* v. *Bracamonte* (1975) 15 Cal.3d 394, 399 [124 Cal.Rptr. 528, 540 P.2d 624]; *People* v. *Combes* (1961) 56 Cal.2d 135, 144-145 [14 Cal.Rptr. 4, 363 P.2d 4]; see also *People* v. *Workman* (1989) 209 Cal.App.3d 687, 690-702 [257 Cal.Rptr. 753]; § 1538.5, subd. (j).)

The law is the same where there has been a dismissal under the speedy trial provisions of section 1381 and a subsequent refiling under section 1387. "Such a dismissal, where the charge is a felony, is not a bar to another prosecution for the same offense; it is res judicata of none of the issues of the action, and the defendant has not suffered prior jeopardy as a result." (*People* v. *Manina* (1975) 45 Cal.App.3d 896, 899 [120 Cal.Rptr. 51]; *People* v. *Garcia* (1985) 171 Cal.App.3d 1187, 1191, fn. 2 [217 Cal.Rptr. 783].)

In light of the weight of authority denying res judicata and collateral estoppel effect where charges have been dismissed and refiled, the pertinent

question becomes whether and to what extent the provisions of section 1538.5, subdivision (d), operate to statutorily create such an effect with respect to suppression issues resolved at hearings prior to dismissal and refiling under section 1387.

Section 1538.5, subdivision (d), provides: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or hearing unless further proceedings authorized by this section, Section 871.5, Section 1238, or Section 1466 are utilized by the People."

Methey suggests the phrase "any trial or hearing" means any trial or hearing resulting from the original charge, including any new filing of the same charges following dismissal and refiling. There is authority from the First District which directly supports Methey's position. (*People* v. *Superior Court (Brotherton)* (1983) 147 Cal.App.3d 281, 287 [195 Cal.Rptr. 96] (*Brotherton*); but see *People* v. *Workman, supra,* 209 Cal.App.3d at pp. 697-700, critical of *Brotherton.*) *Brotherton* holds section 1538.5, subdivision (d), precludes relitigation of suppression issues upon a subsequent filing of the identical charges in the same county.

As a corollary, there is authority holding that where the subsequent filing or case is in a different county and/or the charges are not identical, a previously suppressed item of evidence may be introduced albeit it may be the same evidence resulting from the same search or seizure. (*People* v. *Gephart* (1979) 93 Cal.App.3d 989, 998-999 [156 Cal.Rptr. 489]; *People* v. *Williams* (1979) 89 Cal.App.3d 1026, 1032 [152 Cal.Rptr. 892]; see also *People* v. *Brewster* (1986) 184 Cal.App.3d 921, 928-929 [229 Cal.Rptr. 352]; *People* v. *Huston* (1989) 210 Cal.App.3d 192, 224-225 [258 Cal.Rptr. 393] (applying *Gephart* rationale to *Hitch* motions in dual county prosecutions).)

We find the *Brotherton* rationale unnecessary and unduly violative of the overall statutory scheme surrounding dismissals and refiling, and we find artificial the attempt to ameliorate these effects by allowing relitigation of Fourth Amendment rights so long as the subsequent proceeding is in a different county.

While one may argue the language "at any trial or hearing" refers to any trial or hearing arising from the identical charges in the same county as initially filed, it is an equally acceptable interpretation that the language refers to "any trial or hearing" arising in the charging documents then before the court. We find the latter interpretation far more consistent with the general body of case law which exists on the issue of res judicata and

collateral estoppel effect of prior pretrial rulings upon proper dismissals and refilings.

The interpretation we adopt is also consistent with and in no way disrupts the broad goal of the Legislature in enacting section 1538.5, that is, to provide an orderly and uniform procedure for the making of pretrial challenges to evidence on the ground it was unconstitutionally seized and obtaining prompt appellate review of such rulings. (See *People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].)

In particular, we note the close relationship between section 1538.5, subdivisions (d) and (j). If a motion to suppress is brought and granted at the preliminary hearing, the provisions of section 1538.5, subdivision (j), govern the processes of review available to the People. (*People* v. *Workman*, *supra*, 209 Cal.App.3d at p. 699.) Under the terms of subdivision (j), if the successful defendant is not bound over for trial, the People may refile and the order granting his motion to suppress is not binding in any subsequent proceeding.[4] On the other hand, if a motion to suppress is not brought at the preliminary hearing stage, but instead is brought for the first time in superior court following a bindover (see § 1538.5, subd. (i)), that court may dismiss the case in the furtherance of justice if the motion is granted and the People are unable to proceed. (§ 1385.) If the order of dismissal is made by the court, the People may appeal the ruling pursuant to section 1238, subdivision (7). The People may also refile the case. (§ 1387.)

We see no reason to deny collateral estoppel and res judicata effect with respect to dismissals under section 1538.5, subdivision (j), but nonetheless permit such an effect when the section 1538.5 motion has been raised for the first time in the superior court. There is nothing in the language of section 1538.5, subdivision (d), which requires such a result and there is nothing in the legislative history which suggests it was the Legislature's intent to create such disparate results.

It seems to us that the decision as to whether to refile the case or appeal may legitimately rest at least in part upon whether the People conclude the record created during the motion to suppress is adequate to pursue an appeal. If it is not, the decision may be made to begin the case anew. Such a decision however has no practical effect if res judicata or collateral estoppel

---

[4] Section 1538.5, subdivision (j), provides in part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding."

effect is given to the ruling on the suppression motion. We are hard pressed to conclude any legislative goal is violated where early in proceedings before the superior court the People are presented with the simple option of proceeding by appeal or dismissing, refiling and relitigating a defendant's Fourth Amendment claims. This is no more violative of the goals underlying section 1538.5 than permitting the People to dismiss, refile and relitigate following a preliminary hearing.

Nor do we believe res judicata and collateral estoppel principles are needed to prevent harassment of a defendant; no more so than these doctrines are needed following dismissal and refiling at the municipal court level. Indeed, the People's ability to refile charges is generally limited to the one additional filing permitted by section 1387. We also note that neither below nor on appeal has Methey presented a case of harassment or prejudice resulting from harassment.

In summary, absent sound evidence of legislative intent to do so, we are disinclined to take dismissals under sections 1385 through 1386 out of line with the overwhelming authority surrounding dismissals and refiling. We do not have such evidence with respect to section 1538.5. We therefore adopt an interpretation we believe is most consistent with existing law and which we believe maintains consistency between the various provisions of section 1538.5.

## II

■ Having found the trial court was not bound by the ruling in No. CRE94804, we turn to the propriety of the underlying seizure. Methey, at 3 a.m., was observed carrying what Hohlweg believed to be a pry bar or billy club. He was wearing a bulky outer jacket with bulging pockets. Under such circumstances, which included his knowledge of Methey's prior criminal activity, it was reasonable for Hohlweg to stop Methey and inquire as to his activities. (*People* v. *Gamboa* (1965) 235 Cal.App.2d 444, 448 [45 Cal.Rptr. 393].) Once having stopped Methey, the comment regarding having dropped the bar to avoid the perception he was going to hit Hohlweg with it and Methey's general physical appearance (i.e., perspiring and shaking) justified a patdown search to assure the officer's protection.

Thereafter Methey himself produced the marijuana from his pocket, and upon a request for identification, removed his wallet. When the wallet was produced, a number of papers fell from it, and, in an effort to obtain appropriate identification, the methamphetamine was discovered. We conclude that given the probable cause to arrest which existed at the time Methey produced the marijuana, a search incident to arrest in order to

determine whether further contraband existed, was appropriate. (*Chimel* v. *California* (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034].)

## CONCLUSION

The trial court committed no error in denying Methey's motion and his counsel did not prejudice his rights by failing to assert an argument we have rejected.

The judgment is affirmed; petition for writ denied.

Huffman, J., and Nares, J., concurred.

A petition for a rehearing was denied February 13, 1991, and appellant's petition for review by the Supreme Court was denied April 25, 1991. Mosk, J., Broussard, J., and Baxter, J., were of the opinion that the petition should be granted.