[No. F025107. Fifth Dist. Apr. 15, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE LLANES GALLEGOS, Defendant and Appellant.

---

**COUNSEL**

Robert Spertus, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Janet Gaard, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**HARRIS, J.**—We, herein, find constitutional those provisions of Penal Code section 1538.5 which permit the prosecution, following the grant of a motion to suppress evidence first made in the superior court, to dismiss the case, refile the charges and oppose a subsequent superior court suppression motion without binding effect of the first ruling.

## Statement of the Case

Following refiling of charges and waiver of a preliminary hearing, appellant George Llanes Gallegos was charged by information No. 63928, filed in the Kern County Superior Court on September 20, 1995, with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count I), transportation of cocaine (Health & Saf. Code, § 11352; count II), possession of methamphetamine for sale (Health & Saf. Code, § 11378; count III), possession of cocaine for sale (Health & Saf. Code, § 11351; count IV), and misdemeanor attempted destruction of evidence (Pen. Code, §§ 135, 664; count V). Counts I through IV each alleged that appellant had suffered two prior narcotics felony convictions within the meaning of Health and Safety Code section 11370.2, subdivision (c), and he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).[1]

Previously, following a preliminary hearing on a prior complaint alleging identical charges, appellant was held to answer, and information No. 61777 was filed in Kern County Superior Court. In that proceeding appellant thereafter filed a section 1538.5 motion to suppress evidence. On May 25, 1995, Judge Chapin conducted the hearing on the matter. Testimony from Officer Mitchell Willoughby was received. Appellant did not call any witnesses. The matter was submitted. The motion was granted. On May 26, 1995, upon motion of the People, the case was dismissed.

As previously indicated, the same charges were refiled by the People on August 25, 1995, appellant waived a preliminary hearing, and the information was filed September 20, 1995. Appellant pleaded not guilty and denied the special allegations. On October 2, 1995, appellant filed a motion to suppress evidence. The moving papers, inter alia, objected to what appeared to appellant to be forum shopping by the prosecution for a different judge "in hopes for a more favorable ruling based on the same facts that could not sustain the search in the original case." The moving papers did not assert a specific constitutional objection. The prosecution filed opposition and a peremptory challenge pursuant to Code of Civil Procedure section 170.6 seeking to disqualify Judge Chapin, the judge who had heard and granted appellant's earlier motion to suppress. At a hearing on October 25, 1995, Judge Stuart, on the basis of section 1538.5, subdivision (p), rejected the prosecutor's challenge and assigned the motion to Judge Chapin.

The motion was heard by Judge Chapin on October 31, 1995. No new evidence was introduced, and the matter was submitted on the transcript of the May 25, 1995, hearing on the initial motion to suppress. Appellant's

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

counsel objected on the record to the relitigation of the motion to suppress, but did not make a specific constitutional objection. The matter was taken under submission. Appellant's motion to suppress evidence was denied.

On November 1, 1995, pursuant to a "negotiated settlement," appellant withdrew his not guilty plea and pleaded guilty to counts I and II and admitted the priors as to those counts. Upon the prosecution's motion, counts III, IV and V were dismissed. On December 6, 1995, appellant was sentenced to state prison for a total term of seven years. On December 18, 1995, appellant filed a notice of appeal.

## STATEMENT OF FACTS[2]

At approximately 6:25 p.m. on February 10, 1995, Officer Mitchell Willoughby commenced executing a search warrant at a residence in Bakersfield. In the residence, Officer Willoughby found methamphetamine, packaging, scales and pay-and-owe sheets. Thereafter a vehicle pulled up to the residence, appellant exited the vehicle and walked up to the front gate. Appellant asked Parole Agent Rawlings, who was on the front porch, not in uniform, "is Dolly here, is Dolly there." Officer Willoughby, who was in uniform, then went out the front door and said, "Police Department." He wanted to speak with appellant because he thought appellant might be a customer seeking to purchase narcotics. Appellant became startled and walked quickly back to his vehicle. Willoughby may have asked appellant to stop. The officers followed at a "fast jog" and observed appellant throw a bag underneath his vehicle. The officer retrieved the bag and observed what he believed to be packaged methamphetamine. Appellant was arrested. The appeal does not challenge the merits of the ruling on the motion to suppress evidence, but rather the relitigation of the motion itself.

## DISCUSSION

Appellant attacks as unconstitutional the provisions of section 1538.5 pursuant to which the prosecution was permitted to refile the dismissed charges and oppose the renewed motion to suppress. He specifically attacks the nonbinding effect given to the prior suppression ruling.

Section 1538.5 provides generally for the procedures pertinent to the making and hearing of motions to suppress evidence. It further provides for specific procedures under various procedural scenarios, including the situation present here where: (1) pursuant to a complaint filed in municipal court, after preliminary hearing without a motion to suppress being made, defendant is held to answer; (2) following filing of the information in superior court

---

[2]The facts are taken from the May 25, 1995, hearing on the motion to suppress.

defendant's motion to suppress in superior court is granted; (3) the prosecution on its motion dismisses the information; (4) the prosecution thereafter refiles a complaint in municipal court, defendant makes no motion to suppress, waives preliminary hearing, and is held to answer; (5) defendant again moves to suppress evidence in superior court; and (6) the "second" superior court motion is heard and determined, absent any binding effect of the prior ruling.

Section 1538.5, subdivision (i) provides, in pertinent part, that a defendant may first make a suppression motion in superior court which shall be heard at a "special hearing": "(i) If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, . . . the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people, unless the people are willing to waive a portion of this time. If the offense was initiated by indictment or if the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. . . ."

Section 1538.5, subdivision (j) provides, in pertinent part, that if the defendant's superior court motion to suppress is granted at the special hearing and the case is thereafter dismissed, the prosecution may refile and the ruling at the special hearing shall not be binding at a subsequent special hearing, as follows: ". . . If the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion after the special hearing, the people may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . ."

Section 1538.5, subdivision (p) provides that, except under specified circumstances, this refiling and relitigation procedure is not available following the second grant of a motion to suppress: "(p) If a defendant's motion to return property or suppress evidence in a felony matter has been granted twice, the people may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing. Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available."

The statutory provision providing for the nonbinding effect, after dismissal and refiling, of a prior superior court ruling was added by 1993 amendment. The amendment was in response to *Schlick* v. *Superior Court* (1992) 4 Cal.4th 310 [14 Cal.Rptr.2d 406, 841 P.2d 926], which in sum held that the nonbinding effect of prior section 1538.5 rulings following dismissal and refiling of charges by the prosecution, as the statute provided for in certain instances, by omission did not apply to suppression rulings by the superior court and "the omission was deliberate, and reflects an intention [by the Legislature] to bar relitigation of those rulings." (*Schlick, supra,* 4 Cal.4th at p. 315.) We discuss *Schlick* in more detail later in this opinion.

Appellant contends the 1993 amendment to section 1538.5, subdivision (j) is unconstitutional on its face and as applied to appellant because it denies a criminal defendant due process of law by giving the prosecutor an absolute right to relitigate a superior court ruling suppressing evidence.

More specifically, appellant argues that the 1993 amendment to section 1538.5, subdivision (j) denies defendants due process because it gives the prosecution an unfair advantage, the right to relitigate for any or no reason an adverse ruling in superior court, thus allowing the prosecution to avoid the normal factual presumptions in favor of a respondent on appeal. Second, according to appellant, it circumvents the right of a litigant to rely upon the finality of a superior court pretrial ruling, thereby promoting repetitive hearings on motions to suppress which can lead to inconsistent results.

Appellant argues that the 1993 amendment gives the People an unfair advantage because if the motion to suppress is heard in superior court and is granted, the People can avoid the presumptions in favor of a respondent on appeal by dismissing the case and refiling. Any subsequent motion to suppress is heard de novo. By contrast, if a defendant's motion to suppress is denied in superior court, the defendant's only remedy is to seek review by way of an extraordinary writ pursuant to section 1538.5, subdivision (i). Appellant thus concludes that the People have the opportunity to have a second bite at the apple, which is inherently unfair and is in violation of due process on its face and as applied to appellant.

As discussed above, in this case the initial motion to suppress was heard in superior court. The only witness was Officer Mitchell Willoughby. Appellant did not call any witnesses. The motion was granted by Judge Chapin. Appellant states, "Judge Chapin's oral ruling on this motion was apparently not reported." Thus, a transcript of the oral ruling is not contained in the record on appeal. Appellant notes that the only information as to the basis of

the ruling is that which can be gleaned from a remark of appellant's trial counsel at a subsequent hearing. Appellant's trial counsel stated that the court granted the motion and had cited *People* v. *Gallant* (1990) 225 Cal.App.3d 200 [275 Cal.Rptr. 50].[3]

The People elected not to seek appellate review of this ruling by way of petition for writ of mandate or prohibition, which is an option under section 1538.5, subdivision (o). Instead, the People dismissed the case and refiled the same charges.

Appellant filed a second motion to suppress in superior court. The People's Code of Civil Procedure section 170.6 challenge to Judge Chapin was rejected based on the language in section 1538.5, subdivision (p) that relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available. Subdivision (p), set forth above, was enacted at the same time as the foregoing 1993 amendment.

Responding to appellant's second motion to suppress, the People's trial court opposition points and authorities relied upon case law such as *California* v. *Hodari D.* (1991) 499 U.S. 621 [111 S.Ct. 1547, 113 L.Ed.2d 690] and *People* v. *Patrick* (1982) 135 Cal.App.3d 290 [185 Cal.Rptr. 325].[4] The motion was submitted on the transcript from the first hearing. The trial court

---

[3]In *People* v. *Gallant, supra,* 225 Cal.App.3d 200, as the police were executing a search warrant at a residence where suspected narcotics were found, Gallant parked his vehicle at the curb and knocked on the front door of the residence. The officer who answered the door drew his gun and told Gallant he would be detained to determine his involvement with the residence and ordered him to step inside the house and conducted a patdown search. Within seconds of identifying himself, Gallant was asked to and did consent to a search of his person and his vehicle. A large sum of cash was found on his person and controlled substances were found in his vehicle. The court found that there had been a detention without probable cause to suspect criminal activity and that the consent had been given as a result of an illegal detention.

[4]In *California* v. *Hodari, supra,* 499 U.S. 621, the arresting officer approached a group of youths and the defendant ran from the group. When the officer and defendant met face to face on a parallel street, Hodari tossed away what turned out to be crack cocaine. The United States Supreme Court held that to constitute a seizure of a person, there must be either an application of physical force or submission to the officer's show of authority. Since the defendant ran, he was not seized until after he threw away the contraband. The court found that the contraband had been abandoned and was not the fruit of a seizure.

In *People* v. *Patrick, supra,* 135 Cal.App.3d 290, the arresting officer approached a group of men in an area known to be a location where drug transactions had occurred. The officer had been informed defendant was a heavy dealer in cocaine. The officer and the defendant made eye contact and then defendant bolted from the group. The officer gave chase and, during the chase, defendant threw two objects over the fence. The objects were retrieved and found to be a phencyclidine (PCP) cigarette and 12 balloons of cocaine. The appellate court found that the contraband had been abandoned and was properly seized, rejecting defendant's argument that the contraband had been discarded due to a threatened illegal detention and should be suppressed as having been obtained in violation of his Fourth Amendment rights.

denied the second motion to suppress. Again, the record on appeal herein does not include a transcript of an oral ruling. Appellant again states it apparently was not reported. The court's written minute order cites *Hodari* and *People* v. *Turner* (1994) 8 Cal.4th 137, 180, footnote, 7 [32 Cal.Rptr.2d 762, 878 P.2d 521]. *Turner,* in footnote 7, bluntly states *People* v. *Menifee* (1979) 100 Cal.App.3d 235, 238-240 [160 Cal.Rptr. 682], wherein it was held that it was reasonable for the trial court to conclude that the officer's act of walking briskly toward defendants threatened detention, had no continuing validity in California after *Hodari.* In its minute order denying appellant's motion to suppress, the trial court herein stated as a basis for its ruling: "There [was] no seizure nor submission to authority within the meaning of Hodari. No rights of defendant were contravened. Defendant has no standing re: drugs abandoned under car."

Appellant argues that the 1993 amendment to section 1538.5, subdivision (j) circumvents the appellate presumptions in favor of the trial court's factual determinations. ■ The standard of review of section 1538.5 motions is set forth in *People* v. *Williams* (1988) 45 Cal.3d 1268 [248 Cal.Rptr. 834, 756 P.2d 221] as follows:

"In ruling on such a motion, the trial court (1) finds the historical facts, (2) selects the applicable rule of law, and (3) applies the latter to the former to determine whether the rule of law as applied to the established facts is or is not violated. (*People* v. *Louis* [(1986)] 42 Cal.3d [969,] 985; see *People* v. *Loewen* [(1983)] 35 Cal.3d [117,] 123.) 'The [trial] court's resolution of each of these inquiries is, of course, subject to appellate review.' (*People* v. *Louis*, *supra*, at p. 985; see *People* v. *Loewen*, *supra*, at p. 123.)

"The court's resolution of the first inquiry, which involves questions òf fact, is reviewed under the deferential substantial-evidence standard. (*People* v. *Loewen*, *supra*, 35 Cal.3d at p. 123; accord, *People* v. *Louis*, *supra*, 42 Cal.3d at p. 985.) Its decision on the second, which is a pure question of law, is scrutinized under the standard of independent review. (*People* v. *Loewen*, *supra*, at p. 123; accord, *People* v. *Louis*, *supra*, at p. 985.) Finally, its ruling on the third, which is a mixed fact-law question that is however predominantly one of law, viz., the reasonableness of the challenged police conduct, is also subject to independent review. (See *People* v. *Loewen*, *supra*, at p. 123 [referring to reasonableness as a 'question of law' but impliedly recognizing it to be a mixed fact-law question]; accord, *People* v. *Louis*, *supra*, at pp. 986-987.) The reason is plain: 'it is "the ultimate responsibility of the

---

The court held, "A defendant cannot immunize himself from damning evidence by discarding that evidence on his subjective assumption that an illegal search would follow his detention." (*Patrick, supra,* 135 Cal.App.3d at p. 294.)

appellate court to measure the facts, as found by the trier, against the constitutional standard of reasonableness." ' (*People* v. *Loewen*, *supra*, at p. 123.)" (45 Cal.3d at p. 1301.)

█ Here no new evidence was presented, and the second motion was submitted on the transcript from the first hearing. The motion was heard by the same judge. Although the opposition pleadings from the first hearing are not made part of the record on appeal, nor is the court's ruling from the first hearing part of the record, it is reasonably apparent that the People were not seeking to avoid a factual determination made by the superior court judge in the first hearing, but rather were seeking an opportunity to present a better organized and better researched opposition.

As discussed above, on appeal from a ruling on a motion to suppress, the appellate court exercises its independent review to determine the applicable rule of law and to apply the law to the facts. (*People* v. *Loudermilk* (1987) 195 Cal.App.3d 996, 1001 [241 Cal.Rptr. 208].) There is no basis upon which appellant can complain that the People were forum shopping to seek a different opinion on a factual issue relevant to the motion to dismiss. The different result reasonably appears to have stemmed from a more complete review of legal precedents, which review the People would have received had they sought a writ or appeal from the initial ruling on the motion to suppress. Thus, as applied to appellant, the statute did not have the effect of allowing the People an opportunity to avoid an adverse factual determination made by a superior court judge.

Appellant argues that the 1993 amendment is not only unconstitutional as applied, but also unconstitutional on its face. █ " 'When a statute is attacked as unconstitutional on its face, the attacker "cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute"; instead, the challenger "must demonstrate that the act's provisions inevitably pose a *present* total and fatal conflict with applicable constitutional prohibitions." [Citations.]' " (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 48 [231 Cal.Rptr. 757].)

Appellant argues that the statute allows the prosecution to avoid adverse factual determinations, which is in violation of due process because it is inherently unfair. █ "The due process clauses of the state and federal Constitutions, in their 'substantive' aspect, provide checks on the government's power to act unfairly or oppressively. [Citation.] Unless application of a statute impinges upon 'fundamental rights,' the initial question posed by a substantive due process challenge is whether the application is procedurally fair and reasonably related to a proper legislative goal. [Citations.]" (*In*

*re Marriage of Siller, supra,* 187 Cal.App.3d 36, 51.) Section 1538.5, subdivision (p) provides that relitigation of a motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available. This provision, adopted at the same time as the challenged relitigation provision of section 1538.5, subdivision (j), acts to prevent the inherent unfairness of seeking a different ruling from a different judge in the context of opposing suppression motions.

Appellant argues that the 1993 amendment is constitutionally defective and inherently prejudicial to defendants because it gives the People the power to avoid an unfavorable ruling which primarily resulted from inadequate preparation or citation of authority in the first instance. This argument underlies appellant's assertion that the amendment circumvents the right of a litigant to rely on the finality of superior court rulings which may result in a multiplicity of hearings on motions to suppress and can, as in this case, lead to inconsistent results.

Prior to the 1993 amendment to section 1538.5, case law held that where a full hearing was conducted in superior court on a motion to suppress, the People could only seek review of the ruling through appellate remedies set forth in section 1538.5. The California Supreme Court in *Schlick* v. *Superior Court, supra,* 4 Cal.4th 310, in resolving a conflict between decisions of the Court of Appeal, held that section 1538.5, subdivision (d)[5] was intended by the Legislature to bar the suppressed evidence at a subsequent trial or hearing of identical charges filed following an initial dismissal and refiling under sections 1385 and 1387.

The *Schlick* court disapproved of the holding in *People* v. *Methey* (1991) 227 Cal.App.3d 349 [277 Cal.Rptr. 777]. *Methey* found that section 1538.5, subdivision (d) did not prevent dismissal and refiling of identical charges after the granting of a suppression motion in superior court. The *Schlick* court noted that a critical basis for this conclusion in *Methey* was that section 1538.5, subdivision (j) permitted the People to refile charges without any collateral estoppel effect where a motion to suppress was granted at the preliminary hearing and the defendant was not bound over for trial. Since section 1538.5, subdivision (j) already contained an exception to the relitigation bar of section 1538.5, subdivision (d), the *Methey* court saw no reason why collateral estoppel and res judicata should be a bar when the motion was raised for the first time in superior court.

---

[5]Section 1538.5, subdivision (d) provided then as it does now, " If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section, Section 871.5, Section 1238, or Section 1466 are utilized by the people." The only amendment to this subsection since 1992 is the deletion of the word "Section" before the enumerated code sections.

The *Schlick* court declined to adopt the *Methey* approach finding that the Legislature appeared to have deliberately omitted a right to relitigate superior court rulings by not having limited the broad language of section 1538.5, subdivision (d), as it had for rulings by a magistrate at the preliminary hearing. The *Schlick* court noted that there was logic in such a distinction since rulings by a magistrate might have been made by a non-lawyer and because the Legislature may have concluded that a ruling following a special hearing in superior court convened for the limited purpose of resolving the suppression motion should have greater weight or dignity than a magistrate's ruling made during a preliminary hearing. The court concluded by saying that their conclusion was consistent with the legislative intent in adopting section 1538.5, subdivision (d), which was to reduce the unnecessary waste of judicial time and effort which had previously existed when search and seizure questions could be repeatedly raised in criminal proceedings. "Our interpretation of section 1538.5, subdivision (d), is consistent with the foregoing description of legislative intent, precluding the People from relitigating suppression issues presumably already fully and competently litigated in superior court." (*Schlick* v. *Superior Court, supra,* 4 Cal.4th at p. 316.)

The Legislature clearly spoke after *Schlick* to extend the one "free" dismissal given to the People by sections 1385 and 1387 to litigation and review of pretrial suppression motions in superior court. The question appellant presents is whether this legislative decision is constitutional. ■ As discussed in *People* v. *Hansel* (1992) 1 Cal.4th 1211 [4 Cal.Rptr.2d 888, 824 P.2d 694], when analyzing a statute to determine its constitutionality, two principles must be kept in mind,

"First, 'it is our duty to uphold a statute unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity. [Citations.]' (*Mills* v. *Superior Court* (1986) 42 Cal.3d 951, 957 . . . .) Second, even where the right to due process has attached, we must inquire into what process is due, bearing in mind that 'due process is flexible and calls for such procedural protections as the particular situation demands. . . . : [N]ot all situations calling for procedural safeguards call for the same kind of procedure.' [Citation.]

■ "The United States Supreme Court has described the right of the defendant in a criminal trial to due process as 'the right to a fair opportunity to defend against the State's accusations.' [Citation.] Similarly, 'the spirit and the purpose' of the right to due process under the California Constitution is 'to assure to everyone a full and ample opportunity to be heard before he can be deprived of his liberty or his property.' [Citation.] However, the

procedures at a suppression hearing before a judge need not be the same as those available to a defendant at trial. (See *United States* v. *Matlock* (1974) 415 U.S. 164, 173-175 . . . [the same rules of evidence governing jury trials need not govern evidentiary hearings before a judge]; *McCray* v. *Illinois* (1967) 386 U.S. 300, 312-314 . . . [the use of informers' out-of-court statements during a suppression hearing without disclosing informers' identity does not violate defendants' right to confrontation under the Sixth Amendment and due process clause].) Nonetheless, at a suppression hearing, the defendant must have a fair opportunity to litigate the claim. (See, e.g., *People* v. *Williams* (1988) 45 Cal.3d 1268, 1304, fn. 3 . . . [implicitly accepting the proposition that a defendant has a due process right to a full and fair suppression hearing].)" (1 Cal.4th at pp. 1219-1220.)

*Hansel* found that section 1538.5, subdivision (i), which gives the People the right to recall witnesses who testified at a motion to suppress brought during a preliminary hearing which was denied and renewed in superior court, was not in violation of due process even though the defendant did not share a similar power to recall witnesses. In contrast to the People, at a renewed motion to suppress in superior court, defendants are limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing. The *Hansel* court found that although the procedures available to the defendants did not precisely mirror those available to the People, because the defendants were given a full and fair opportunity to present their claims at the suppression hearings, the challenged provisions of the code did not violate due process.[6] The court also found that the contested provision in section 1538.5, subdivision (i) did not impermissibly tilt the balance of forces between the accused and his accuser toward the prosecution because the defendant had the right to litigate the suppression motion in either the preliminary hearing or the superior court, and the defendants had the advantage of not having to give notice of the suppression motion at the preliminary hearing and had the advantage of bringing the motion again in superior court with a better researched and written motion. (*People* v. *Hansel, supra,* 1 Cal.4th at p. 1222.)

Appellant argues that *Hansel* is not on point because it did not address the issue raised by appellant concerning the right of a litigant to expect finality

---

[6]The *Hansel* court did state that it might have a different conclusion about defendants' due process argument if the second hearing was not limited by the statute to recalling witnesses, as opposed to presenting new evidence through new witnesses who could reasonably have testified at the preliminary hearing. (1 Cal.4th at p. 1220.) In the present situation, the Legislature has provided for a de novo hearing in superior court. However, the right to call any witness, whether called at the first hearing or not, would extend to both parties. There is no limitation on the right of the defendant to present evidence, which appears to have been the concern of the court in *Hansel.*

from a pretrial superior court ruling on the merits. Appellant also argues that the case relied upon by respondent, *People* v. *Weaver* (1996) 44 Cal.App.4th 154 [51 Cal.Rptr.2d 602], is not persuasive for the same reason. In *Weaver*, the court found constitutional the provision of section 1538.5, subdivision (j), which gives to the People the right to request a de novo hearing in the superior court to review a motion to suppress which was granted at the preliminary hearing when the defendant was held to answer. The defendant in *Weaver* argued that the statutory provision gave an unfair advantage to the People because a defendant who files a motion to suppress in a preliminary hearing which is denied is limited to a review in superior court based upon the transcript of the preliminary hearing.

The *Weaver* court relied upon the rationale of the *Hansel* court and found that although the defendant does not have the right to de novo review in superior court, the defendant is not prevented from fully pursuing his motion to suppress in superior court, which is the litmus test for determining whether due process has been provided. (*People* v. *Weaver, supra,* 44 Cal.App.4th at p. 160.) The *Weaver* court also noted that the People were not given an undue advantage since the record revealed that the motion in the preliminary hearing was without notice and the Legislature could have decided that a de novo hearing was necessary to offset this "surprise" advantage. (*Ibid.*)

Appellant argues that neither *Hansel* nor *Weaver* addressed the constitutionality of that portion of section 1538.5, subdivision (j) which allows for dismissal and refiling after a motion to suppress evidence has been granted by a superior court. Thus, neither court was called upon to address appellant's contention that due process requires that only one fully litigated special hearing be held in the superior court and appellant's further contention that it is inherently unfair to allow only the People to relitigate de novo a special hearing on a motion to suppress when they lost at the first hearing.

The only case cited by appellant in support of his due process argument was *Wardius* v. *Oregon* (1974) 412 U.S. 470 [93 S.Ct. 2208, 37 L.Ed.2d 82]. The right to reciprocal discovery discussed therein goes to the right of the defendant to a fair trial. The California Supreme Court in *People* v. *Hansel, supra,* 1 Cal.4th 1211, 1220-1221, distinguished this case on that basis, finding that while due process requires reciprocal rights when they are needed to preserve the defendant's right to a fair trial, there is no due process right to "procedural opportunities that are the mirror image of those given to the prosecution." (*Id.* at p.1220.)

We believe that the finality contention appellant makes to a relitigated special hearing in the superior court was correctly analyzed in *People* v.

*Methey, supra,* 227 Cal.App.3d 349. Although the court in *Schlick* disapproved of the statutory analysis in *Methey,* the criticism was based solely upon legislative intent, not general principles of collateral estoppel. (*People v. Meredith* (1992) 11 Cal.App.4th 1548, 1557, fn. 4 [15 Cal.Rptr.2d 285].) There was no criticism of the *Methey* court's finding that a relitigated special hearing in superior court did not violate principles of collateral estoppel or res judicata, which is the criminal defense embodied in appellant's finality argument. (1 Witkin, Cal. Criminal Law (2d ed. 1988) Defenses, §§ 342, 350, pp. 396, 405.) ■ As discussed in *Methey,* res judicata and collateral estoppel only apply where jeopardy has attached at the previous proceeding. (*People v. Meredith, supra,* 11 Cal.App.4th 1548, 1556.) Jeopardy does not attach when felony charges are dismissed prior to trial and since the People's ability to refile charges is generally limited to one additional filing, res judicata and collateral estoppel principles are not needed to prevent harassment of a defendant. (*Methey, supra,* 227 Cal.App.3d at p. 358; 1 Witkin, *supra,* §§ 277, 278, pp. 320-321.)

Appellant argues that it was unfair of the Legislature to have enacted the amendment for the sole purpose of providing the prosecutors a second chance to present a full, complete and better briefed opposition to the motion to suppress. Appellant asks this court to judicially notice two legislative documents to show that this was the Legislature's intent. The request is denied. First, in our view, it is apparent from the statute itself this was the legislative purpose. ■ Further, in accordance with well-established rules of statutory construction, " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the legislature . . . .' " (*People v. Hansel, supra,* 1 Cal.4th at p. 1217, quoting *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) We find this to be the case here.

The only critical consideration here is if the legislation is constitutional, since it is very clear that the Legislature intended to overrule *Schlick* by statute to allow the People one "free" dismissal as provided by section 1387 in the context of motions to suppress. This policy decision, to allow the People one false start at defending against a motion to suppress brought initially pretrial in superior court, must be upheld if it is constitutional. ■ "Absent constitutional constraints, when the Legislature has established policy, it is not for the courts to differ." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 851 [25 Cal.Rptr.2d 500, 863 P.2d 745], fn. omitted.)

■ We find that no constitutional right has been violated. Appellant was not restricted in what witnesses could be called or what evidence could be presented at the second hearing. Appellant could rely upon his earlier

points and authorities, or was free to file supplemental points and authorities. Appellant's motion was heard by the same judge who granted his earlier motion, as required by section 1538.5, subdivision (p). The same would be true as to defendants in general. Appellant received a full and complete hearing on his motion to suppress, which is all that due process requires.

### DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1997.